[Civ. No. 11979. First Dist., Div. Two. Apr. 2, 1942.]

BEVERLY BENTLEY, Appellant, v. JOHN MOUNTAIN et al., Respondents.

Clarence E. Todd and Henry C. Todd for Appellant.

Sefton & Quattrin for Respondents.

SPENCE, J.—Plaintiff filed an amended complaint seeking an injunction and damages. The demurrer of defendants to said amended complaint was sustained without leave to amend and judgment was entered in favor of defendants. Plaintiff appeals from said judgment.

Plaintiff purported to sue "individually and as a member and as president of Hairdressers and Cosmetology Union No. 582A, affiliated with Journeymen Barbers' International Union of America, on behalf of herself and all other members of Hairdressers and Cosmetology Union No. 582A." Her original complaint consisted of one count. Her amended complaint consisted of five counts. Said union was alleged to have jurisdiction "over all hairdressers, cosmetologists and beauticians within the County of Marin, State of California." The defendants were alleged to be persons who owned and maintained beauty shops within said county.

The amended complaint was a lengthy instrument but the theory of said amended complaint may be briefly stated. It was drawn upon the theory that said union had contracts with the defendants; that defendants entered into a conspiracy to violate said contracts and to induce other beauty shopowners to violate similar contracts; and that as the result of the actions of defendants in pursuance of said conspiracy the contracts of defendants and others had been violated to the damage of "plaintiffs." Plaintiff prayed for an injunction prohibiting defendants from violating or causing the violation of any contract between the union and any beauty shopowner in Marin County and for damages in the sum of $5,000. Defendants interposed a general and special demurrer to said complaint. The trial court "ordered, adjudged and decreed that defendants' general demurrer to said first amended complaint and the separate causes of action therein alleged, be sustained without leave to amend the same, and that defendants have judgment . . ."

Plaintiff contends that the trial court erred in sustaining the general demurrer but in our opinion this contention

cannot be sustained. The alleged contracts referred to in the amended complaint were evidenced by exhibits attached to the amended complaint. The exhibits were designated as "Exhibit A" and "Exhibit B." It was alleged in the amended complaint that prior to August 7, 1940, defendants had entered into agreements in the form set out in "Exhibit B" and had received union beauty shopcards and had displayed the same in their shops. The "Union Beauty Shop Card," together with the "Rules Governing Union Beauty Shop Cards," found on the back thereof, constituted "Exhibit A."

When "Exhibit B" is examined it is found to be a form entitled "Agreement Governing Display of Union Beauty Shop Cards." It is designed for execution by the shopowner only and it provides that the shopowner agrees, in consideration of being allowed to display the union beauty shopcard, to comply with the rules on the back of said card; that the card shall remain the property of the union; and that the shopowner will permit the removal of said card by a representative of the union upon demand. When "Exhibit A" is examined, it is found to be a form entitled "Union Beauty Shop," with the seal of the union thereon and a statement that the card is the property of the union and is issued subject to the conditions set forth on the back thereof. On the back thereof are found the general rules governing union beauty shopcards.

While it was alleged in the amended complaint that defendants executed said agreements in the form set out in "Exhibit B," it appears entirely clear from an examination of the two related exhibits that the alleged agreement did not obligate the shopowners to do anything further than to do certain things during the time that they displayed the union shopcards and to give up the cards to the representative of the union upon demand. In other words, there was no obligation imposed upon the shopowner to conduct a union shop for any specified period of time.

Assuming that the allegations of the amended complaint were sufficient to show that valid contracts existed between the union and the shopowners, said contracts were contracts terminable at will and could therefore be terminated by the shopowners at any time without violating any of the terms of said contracts. (*Adkins* v. *Model Laundry Co.*, 92 Cal. App. 575, 581 [268 Pac. 939]; Williston on Contracts, vol. 1,

p. 59, sec. 38.) ▆▆ The allegations of the amended complaint to the effect that defendants "violated" said contracts, or "caused the violation" of said contracts by others, are mere conclusions of law which cannot strengthen the pleading in the absence of allegations of fact showing such violations. ▆▆ We find no such allegations of fact in said amended complaint. On the contrary, it affirmatively appears from the allegations of fact in said amended complaint that defendants had not *violated* or induced others to *violate* any alleged contract with the union but at most, had merely *terminated* and induced others to *terminate* certain contracts which were terminable at will.

Plaintiff takes the position that although said contracts were terminable at will, plaintiff was nevertheless entitled to the relief demanded. In support of this position, plaintiff cites and relies upon *Patterson Glass Co.* v. *Thomas,* 41 Cal. App. 559 [183 Pac. 190]. Said case is not authority for the proposition for which it is cited. On page 566 the court, after setting forth the terms of the contract of employment between the employer and the employees, said, "We do not believe that the section of the Civil Code [Civ. Code, sec. 1999] relied upon should be given a construction which would justify a court of equity in holding that these employees were working 'at will,' i. e., that they could quit without notice and without paying plaintiff its money advances." And on page 568, after discussing certain cases dealing with contracts of employment without specification as to the duration thereof, it is said, "We do not think it necessary in the present case to follow these cases in their view as to engagement 'at will' . . ." In the concurring opinion, it is said at page 570, "I may add that, in my opinion, the situation does not call for discussion of the rule applicable to instances of employment at will." Furthermore the cited case and the other cases discussed therein involved contracts of employment between the employers and their employees. As appears from the authorities discussed on page 569, the decisions were based upon the then established rule that "The right of a master to have his servant continue in his employ without molestation is a recognized property right" and "that no person has a right to entice away another's servant." In the present case, the only contracts involved are alleged contracts, terminable at will, between the union, on the one hand, and the shopowners, on the other hand. This

fact also distinguishes the present case from certain authorities cited by plaintiff such as *Imperial Ice Co.* v. *Rossier,* 18 Cal. (2d) 33 [112 Pac. (2d) 631], involving contracts which were not terminable at will.

Much is said in plaintiff's briefs to the effect that the employees had the right of collective bargaining and that it is the policy of the law to protect such right. This may be conceded but we find nothing in the law which denies to either the employers or the employees the right of lawful collective action. As we view the amended complaint, it shows no more than that the shopowners were exercising their right of lawful collective action.

 Special mention should be made of certain allegations found in said amended complaint. Plaintiff alleged a ''conspiracy'' between defendants but conspiracy, in and of itself, is not actionable. In *Richmond Terminal Corp.* v. *Parr Terminal Co.*, 116 Cal. App. 368 [2 P. (2d) 579], the complaint alleged that defendants had conspired to do certain acts. This court there said at page 369, ''Such allegations are insufficient unless it appears that some right of plaintiff has been violated by some alleged wrongful act or acts of defendants for 'conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action.' '' (See, also, *Bowman* v. *Wohlke,* 166 Cal. 121, 125 [135 Pac. 37, Ann. Cas. 1915 B, 1011]; *Moropoulus* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679 [200 Pac. 601].) As above indicated there are no allegations of fact in the amended complaint before us which show that any of the acts of the defendants violated any right of plaintiff or the union.

 There is also an allegation in the amended complaint that on or about August 8, 1940, defendants ''through the instrumentality of defendant Lola Blake, picked up, took away, absconded with and converted to their own use the shopcards,'' from certain shops of defendants and other shopowners. It does not appear, however, that the alleged acts of defendants in removing the shopcards from the various shops was done without the consent of the shopowners or that defendants refused to deliver said shopcards to plaintiff or to any other representative of the union upon demand. These acts did not therefore constitute a violation of any right of plaintiff or the union under the alleged contracts as the only right of the union against the shopowners

under the contract with respect to return of the shopcards was to have said shopcards returned upon demand. Nor was said amended complaint sufficient to state a cause of action for conversion of the shopcards, irrespective of the alleged contractual rights, as such action is confined to cases where tangible personal property of some value is taken. (65 C. J. 28.) It was not alleged that said shopcards, as such, had any value.

In counts two, three and four of the amended complaint, plaintiff repeats certain allegations of count one and sets forth allegations tending to show that the union had certain additional contracts with certain shopowners specifically covering wages, hours and working conditions. But at no place in the amended complaint is it alleged that any contract with any shopowner was for any specified period of time or that any alleged contract was not terminable at the will of the shopowner. In count five of said amended complaint, plaintiff repeats certain allegations of count one, quotes section 923 of the Labor Code and complains that defendants have refused to negotiate a contract with the union but we find nothing in said count which strengthens the allegations of count one which are repeated in said count.

In conclusion we may state that while it appears from the allegations of the amended complaint that a labor controversy exists, it does not appear that any justiciable controversy has arisen in which plaintiff is entitled to the aid of the courts. Plaintiff has simply failed to allege facts showing a violation by defendants of any right of plaintiff or of the union. We therefore conclude that the trial court properly sustained the demurrer.

In view of the conclusions above set forth, it becomes unnecessary to consider the other points raised by defendants in support of the action of the trial court.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied May 2, 1942, and appellant's petition for a hearing by the Supreme Court was denied May 28, 1942.