[Civ. No. 12261.   First Dist., Div. Two.   May 6, 1943.]

METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Appellant, v. THE SAN FRANCISCO BANK (a Corporation), Respondent.

F. Eldred Boland and Knight, Boland & Riordan for Appellant.

Thomas E. Davis for Respondent.

SPENCE, J.—This is a companion case to *Metropolitan Life Insurance Co. v. The San Francisco Bank,* No. 12260 (*ante,* p. 528 [136 P.2d 853]), the opinion in which last mentioned case has been this day filed.

The complaint in this action contained thirty-six counts which were based respectively upon thirty-six checks bearing dates from January 9, 1937, to October 13, 1939. The prayer was for the total sum of $3275.44. The allegations of the complaint herein were quite similar to the allegations in the amended complaint in the other action but certain differences in the pleadings should be noted. In the complaint herein, there was no allegation that the endorsements of the checks contained any written guarantee of prior endorsements. It was also alleged that The San Francisco Bank cleared the checks here involved through the Anglo-California National Bank instead of presenting them directly to The Bank of California for payment. Plaintiff included the Anglo-California National Bank among the defendants. The three defendants in this action interposed demurrers upon the ground that the complaint failed to state a cause of action and upon the further ground that the alleged causes of action were barred by subdivision 3 of section 340, subdivision 1 of section 337, subdivision 4 of section 338 and subdivision 1 of section 339 of the Code of Civil Procedure. The demurrers of the three defendants were sustained without leave to amend and a judgment of dismissal was entered in favor of said defendants. Plaintiff appeals from said judgment.

In its brief plaintiff designates The San Francisco Bank as the sole respondent and does not question the correctness of the trial court's rulings and judgment as to the other defendants. Plaintiff must therefore be deemed to have abandoned its appeal with respect to those portions of the judgment in favor of the other defendants.

Plaintiff contends that the trial court erred in sustaining the demurrer of The San Francisco Bank and in entering the judgment of dismissal in its favor. This contention is based here solely upon the claim that The San Francisco Bank converted the checks. In the opinion this day filed in the other case, we held that the allegations were insufficient to show that the checks, as such, had any value whatever but on the contrary showed that said checks were valueless. The decision in the other case was based in part upon the rule that an action for conversion cannot be maintained unless it appears that the personal property involved was of some value. (*Bentley* v. *Mountain,* 51 Cal.App.2d 95 [124 P.2d 91]; 65 C.J. 28). The same rule is applicable here and is determinative of this appeal.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 1, 1943. Gibson, C. J., and Traynor, J., voted for a hearing. Edmonds, J., did not participate therein.