[Civ. No. 15776. Second Dist., Div. Three. Aug. 4, 1947.]

JOHN SCARBOUROUGH et al., Appellants, v. ARTHUR BRIGGS et al., Respondents.

Chas. L. Nichols and George Acret for Appellants.

Arthur E. Briggs, in pro. per., Reynolds & Painter, Reynolds, Painter & Cherniss, Louis Miller and Charles E. McGinnis for Respondents.

KINCAID, J. pro tem.—Plaintiffs appeal herein from a judgment rendered after a trial of the special defenses of res judicata as set up in the separate answer of the defendant N. A. Ross, Jr., and the answer of the other defendants. By stipulation of the parties it was agreed that these issues should be first tried.

The first of these prior actions was filed on November 8, 1945, entitled *"Security Homes Estate,* a co-operative corporation, plaintiff, vs. *Charles T. Beatley,"* et al., defendants, being No. 507324 of the records of the Superior Court of Los Angeles County. Defendant N. A. Ross, Jr., was likewise joined as a defendant in said action. The complaint was verified in the name of the plaintiff corporation, hereinafter referred to as "Security," by Henry H. Hayden, as president, and N. B. Stadley, as secretary. It was entitled "Complaint for Declaratory Relief, Injunction and other Equitable Relief" and charged, among other things, that numerous named defendants, referred to therein as the Briggs Group, were shareholders, directors and officers of plaintiff corporation, were engaged in a conspiracy to control the membership of such corporation, direct its corporate affairs, obstruct its management, and to unlawfully dispose of its corporate assets; violations of its by-laws were claimed and it was charged that the Briggs Group, by the use of illegal members and unauthorized meetings, had recalled Stadley and one Baughman and elected successors for these men, and had removed and concealed corporate books and records. It was further charged that the Briggs Group had rejected an advantageous offer for the purchase of some 462 acres of land belonging to plaintiff corporation and were endeavoring, without authority, to sell the same to defendant Ross. It was also alleged that another agreement entered into by Security with a different purchaser

for the sale and purchase of said land had been disregarded by the Briggs Group; that the Ross sale contemplated a deferring of the payments of the purchase price over a period of two years, while two proposed sales were for cash. The prayer of the complaint, among other things, was for a declaration of the rights of the corporation, its officers, directors and membership, as to who were its legal officers, directors and members, that records of the corporation in possession of defendants be restored, and that an injunction restraining the sale of the property to Ross issue.

The separate answer of Ross denied the material allegations of the complaint as to lack of authority on the part of the corporate officers to enter into the sale of the 462 acres with him, admitted the execution of the agreement of purchase of such property by him with plaintiff, the payment of $10,000 on account of the purchase price, and prayed for a judgment against plaintiff. An answer was also filed in behalf of the defendants referred to as the Briggs Group setting forth allegations to the same general effect.

On November 13, 1945, another action was filed, being No. 507430 of the records of the Superior Court of Los Angeles County, and entitled "*N. A. Ross, Jr.*, plaintiff, vs. *Security Homes Estate*, a corporation," defendant. In this complaint Ross alleged the making of the contract with Security for the purchase of the 462 acres for the sum of $175,000, that this sum represented its fair and reasonable value, the failure of Security to perform the contract, and specific performance of such contract was demanded. Two answers were filed to this complaint, both in behalf of defendant Security. In one answer, verified by Willard W. Harper, as president of Security, the material allegations of the complaint were admitted excepting that it was denied that Security refused to perform its obligations under the contract. This answer was filed in behalf of the so-called Briggs Group. The other answer was verified by Henry H. Hayden, also as president of Security, and was filed by Attorneys L. G. Hayford and Harrie R. Collins as attorneys for the corporation; it was denied therein that the execution of the contract between Ross and Security was a corporate act; the allegations of the complaint as to the reasonableness of the purchase price and the fairness of the contract were likewise denied. It was alleged that the persons who had negotiated a contract were without power or authority so to do on behalf of the corporation.

Thereafter, these two actions, Nos. 507324 and 507430, were consolidated for trial, a trial was had, and a consolidated judgment was rendered in favor of Ross on his specific performance action, and in favor of the Briggs Group in the other case.

Subsequent to the rendition of the consolidated judgment Hayford and Collins, in the name of Security, filed a notice of appeal from such judgment as rendered in both actions. Thereafter, Arthur E. Briggs, as attorney for Security, gave notice to such attorneys that a motion would be made in each of said cases for his substitution as attorney for Security in their place and stead, and for an order terminating all proceedings taken on the appeals so filed. This notice was supported by an affidavit of Earl A. Robinson, secretary of Security, stating that a resolution of the board of directors of the corporation had been adopted directing Briggs to procure a substitution of himself as attorney for Security in place of Hayford and Collins and to take all steps and proceedings necessary to effectuate a dismissal of the appeals. The motion having come on for hearing and no counteraffidavits having been filed, the court made its orders substituting Briggs as attorney for Security in place of opposing counsel and further ordered that all proceedings on the appeals be terminated. No appeals were taken by Security, any shareholder of Security, Hayford or Collins, from the order substituting Briggs or from the order terminating all proceedings on appeal. A stipulation for abandonment of appeal was thereupon executed by counsel for Ross and by Briggs as attorney for Security in the specific performance action.

On March 20, 1946, the instant action was commenced by plaintiff shareholders of Security as a derivative or representative action on behalf of the corporation against the Briggs Group, Ross and the corporation. It was alleged that the Briggs Group were shareholders and acting as directors and officers of Security and had excluded plaintiffs as stockholders from participation in the affairs of the corporation. It was further alleged that the 462 acres hereinbefore referred to and owned by Security had a then market value of more that $200,000, could be sold for such sum in cash, and that the Briggs Group conspired to sell such property to Ross for the sum of $175,000 on deferred payments, to the loss and disadvantage of the corporation, thus causing a breach of trust by the Briggs Group. An injunction was prayed for

restraining the sale, together with a declaration by the court that such sale be declared void. Answers to this complaint were filed both by Ross and the Briggs Group denying the material allegations of the complaint and alleging by way of affirmative defenses pleas of res judicata of the issues involved in the previous judgments in said actions Nos. 507324 and 507430, and estoppel. A cross-complaint was likewise filed by the Briggs Group which plaintiffs answered as cross-defendants.

The issues being joined, the present action came on for trial and it was stipulated that the special defenses of res judicata and estoppel should first be tried. Evidence was introduced and the trial court made its findings and rendered judgment in favor of all defendants herein on the special defenses of res judicata.

Plaintiffs contend, by way of appeal, that the consolidated judgment is not res judicata because it is collusive and void upon its face, it does not involve the same parties, it does not involve the same issues, and it is not a judgment on the merits. With these contentions we are unable to agree.

To establish their claim that the consolidated judgment is not res judicata because on the face of the record it is collusive and open to attack by shareholders of Security, plaintiffs apparently rely upon a contention that the recitals contained in the consolidated judgment themselves show that the Briggs Group, as purported directors and officers of the corporation, and the defendant Ross, as buyer of the corporate property, worked together to secure the approval of the court to the very transaction which was under attack by Hayden and Stadley, claiming to be president and secretary respectively of Security, in action No. 507324. No proof by the introduction of any evidence, or offer of proof, was made by plaintiffs herein to show any such collusion. No testimony was offered for the purpose of showing fraud nor does the complaint charge defendants with the perpetration of a fraud. In no manner did plaintiffs seek to sustain their charges with facts.

Assuming that the consolidated judgment was rendered by consent of defendants herein, as claimed by plaintiffs, that fact in and of itself is not conclusive as showing such a collusion. It is only where a stockholder affirmatively shows that the governing directors or trustees refuse to act or are guilty of fraud in the maintenance or defense of an action that he may be allowed to become a party and defend in

behalf of the corporation, and then only when he first shows that he cannot induce those in control to do what is fair and right. (*Eggers* v. *National Radio Co.*, 208 Cal. 308, 313 [281 P. 58]; *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 215 [256 P. 210]; *Pourroy* v. *Gardner*, 122 Cal.App. 521, 526 [10 P.2d 815].) A reference to the recitals of the consolidated judgment fails to disclose such facts and the record is devoid of any evidentiary showing meeting these requirements.

■ Plaintiffs next maintain that the consolidated judgment is not res judicata as to them because the parties in the within action are not the same as in the two previous cases. Such judgment reveals it to have been rendered in favor of defendant Ross and against Security Homes Estate, a corporation, and that specific performance by the corporation of the Ross contract of purchase was ordered. The present action is concededly brought by plaintiffs, not individually but as shareholders of Security as a derivative or representative action against Ross, other shareholders and the corporation itself. The corporation, being the ultimate beneficiary of such a suit, is the real party plaintiff, and the particular stockholders who bring the action are mere nominal parties. (*Klopstock* v. *Superior Ct.*, 17 Cal.2d 13, 21 [108 P.2d 906, 135 A.L.R. 318]; *Russell* v. *Weyand,* 5 Cal.App.2d 259, 260 [42 P.2d 381].) Under such circumstances plaintiffs herein are brought within the rule that shareholders of a corporation are in privity with it and, in the absence of fraud, are bound by all judgments rendered against the corporation. (*Baines* v. *Babcock,* 95 Cal. 581, 592 [27 P. 674, 30 P. 776, 29 Am.St.Rep. 158]; *Difani* v. *Riverside County Oil Co., supra,* p. 215; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, 93 [77 P. 765, 103 Am.St.Rep. 66]; 13 Am.Jur. 471, § 418.)

The plaintiffs herein were stockholders of Security against whom judgment was rendered in the consolidated cases, which judgment is interposed here as res judicata. Plaintiffs were and are in privity with such corporation and the judgment is conclusive against them with respect to the issues adjudicated.

■ In contending that the consolidated judgment does not relate to the issues of the within action so as to justify the imposition of the plea of res judicata plaintiffs argue that the gist of the instant case is a conspiracy between the Briggs Group, as officers of the defendant corporation, and defendant Ross, to sell the corporate property to the latter at a price below its market value. Upon a plea of res judicata the allega-

tions of the complaint in the prior action and the prayer may be consulted in determining the character of the case and the issues raised. (*Papineau* v. *Security-First Nat. Bank,* 45 Cal. App.2d 690, 694 [114 P.2d 629].) In the first case (507324) brought by Security through Hayden and Stadley, as well as the second (507430) brought by Ross against the corporation for specific performance, the questions as to the validity, fairness and reasonableness of the contract for the sale of the involved real property by Security to Ross were expressly placed in issue. In the present action the same issues are again presented and an injunction against consummation of the sale is again demanded. By casting the within action in the form of allegations for a conspiracy plaintiffs cannot thereby circumvent the defense of res judicata. ▇▇ Conspiracy in and of itself is not actionable. It must additionally appear that some right has been violated by a claimed tortious or wrongful act on the part of the defendant before conspiracy can be made the subject of a civil action. (*Bentley* v. *Mountain,* 51 Cal.App.2d 95, 99 [124 P.2d 91].) No such additional allegations are found in this complaint. The same basic issues are again sought to be relitigated herein. As was said in *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 510 [258 P. 387] : " 'If the existence, validity or construction of a contract, lease, conveyance or other obligation has been adjudicated in one action it is *res judicata* when it comes again in issue in another action between the same parties, though the immediate subject matter of the two actions be different.' " And again at page 511: "Appellants, however, apparently have a misconception of this rule. They seem to contend that an issue heard and determined in a former case is binding only as to such grounds supporting or opposing said issue as were actually urged and litigated. But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto. This rule has been aptly stated as follows : 'It is important to note in this connection, however, that even tho the causes of action be different, if the second action involves a right, title or issue as to which the judgment in the first

action is a conclusive adjudication, the estoppel so far as that right, title or issue is concerned must likewise extend to every matter which was or might have been urged to sustain or defeat the determination actually made.' (Freeman on Judgments, 5th ed., sec. 677, p. 1432.) To the same effect see *Sullivan* v. *Triunfo Gold etc. Min. Co.*, 39 Cal. 459. Numerous California cases may be found where this rule has been applied.

"This principle also operates to demand of a defendant that all his defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them. The rule has been stated as follows: 'The defendant in an action is ordinarily required to set up all his defenses which do not constitute separate causes of action, and if he neglects to do so is concluded by the judgment rendered in such action. The judgment operates as *res judicata,* not only in regard to the existence of the plaintiff's cause of action, but as to the nonexistence of the defense which was not pleaded. The reason for this rule lies in the principle that there must be an end to litigation, and, where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences.' (15 Ruling Case Law, sec. 446, pp. 969, 970.)''

The consolidated judgment is one on the merits and, having long since become final, estops plaintiffs from maintaining this subsequent action between the same parties and concerning substantially the same issues.

Certain defendants filed a cross-complaint against plaintiffs and others alleging the institution by cross-defendants of various actions against cross-complainants which had terminated in favor of the latter. Upon allegations of fraud, malice and want of probable cause they prayed for actual and punitive damages, damages for personal injury and slander of title and for equitable relief. Cross-defendants answered. In their brief cross-complainants say, ''We request the court in whatever decision it may make in this matter that it clearly distinguish the issues before the court on this appeal from those which may be involved in the further trial of as yet untried issues between the plaintiff-appellants and these defendants.'' The judgment before us obviously does not purport to determine the issues raised by the cross-complaint and answer thereto. The parties proceeded under section 597, Code of Civil Procedure to try, separately, the issues raised by the

special defense of res judicata. Defendants have prevailed and the question whether they may try the issues made by the cross-complaint and answer and have another judgment is not presented on this appeal.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 2, 1947.