[Civ. No. 7933.   Third Dist.   June 21, 1951.]

CHARLES HENRY NEALIS et al., Appellants, v. JANET A. GUIDOTTI, Respondent.

Robert E. Hatch for Appellants.

Murphy & Brownscombe for Respondent.

SCHOTTKY, J. pro tem.—Appellants are the children of Carl H. Nealis who died testate on May 6, 1946.   Being dissatisfied with the provision made for them in their father's will, appellants filed two separate actions, containing substantially the same allegations, which may be summarized as follows:   That the respective plaintiffs were the only children of Carl H. Nealis, deceased; that under the terms of the will of said deceased $20,000 was bequeathed to Charles Henry Nealis, $10,000 to Margaret Nealis Benstein, and the remainder of decedent's property was given to defendant Janet A. Guidotti; that grounds of contest of the will existed and were known to plaintiffs; that plaintiffs agreed orally with defendant not to contest the will in consideration of which she agreed to pay plaintiff Charles H. Nealis $150,000, and plaintiff Margaret Nealis Benstein $100,000; that defendant and the executor of decedent's will purchased cashier's checks payable to the respective plaintiffs in said amounts; that plaintiffs refrained from contesting the will and have lost their right to do so; that defendant failed to deliver the cash-

ier's checks to the respective payees; that there is due from defendant to plaintiff Charles H. Nealis $150,000, and to plaintiff Margaret Nealis Benstein $100,000.

The two actions were consolidated for trial and tried together, and on March 22, 1949, judgment in each case was entered in favor of defendant, the respondent here.

Thereafter, on May 7, 1949, appellants filed the complaint in the present action, which alleges the same kinship of appellants and deceased; the same provisions of decedent's will; the same oral agreement not to contest the will; the same purchase by respondent of the cashier's checks; the same performance by appellants of their covenant not to contest; the same loss of their right to do so; the same failure of respondent to pay to appellants, respectively, the sums of $150,000 and $100,000, and the same prayer for relief. The complaint alleged further that respondent appointed the executor of decedent's will as her agent and that in such capacity said executor delivered the checks to appellants subject only to the condition that the money represented by the checks was to be used to pay decedent's income taxes, if required for that purpose. It is alleged further that, without notice to or consent of appellants, respondent and her said agent surrendered the checks to the bank and caused them to be cancelled notwithstanding that the money represented by them was not required for the payment of decedent's income taxes.

In answer to the complaint in the present action respondent pleaded the defense of res adjudicata, and in accordance with section 597 of the Code of Civil Procedure this special defense of res adjudicata was tried in advance of a trial upon the merits. The court found that the judgments in the previous actions barred the cause of action alleged in the present action. This appeal is from the judgment entered in accordance with such finding.

Appellants argue that the difference between the two suits is a substantial one. They assert:

"The first suit sounded entirely upon a supposed oral contract between the parties, entered into on Friday, May 10, 1946. (C.T. 20) This was that in consideration of plaintiffs not contesting the supposed last will and testament of their father, Carl H. Nealis, the defendant (residuary beneficiary thereunder) would pay plaintiffs the sum of $250,000.00; that thereafter defendant failed to pay said sum, or any part thereof and it therefore remained due plaintiffs in its entirety. (C.T. 20)

"To the contrary, the second suit alleged a contract between the parties that was made at a later date, i. e. Wednesday, May 15, 1946. (C.T. 2) At that time, according to paragraph V et seq., defendant purchased $250,000.00 in cashier's checks, payable to plaintiffs; then she delivered and passed title to them to plaintiffs; this was subject only to the condition that Thomas M. Carlson as her agent was to hold the checks with the right to use so much of them, if any, as might be necessary to discharge the income tax liability of the decedent. The complaint completes the cause of action in alleging the contingency had been met, that is the income taxes in fact thereafter were discharged without resorting to any part of the funds represented by the cashier's checks, but regardless thereof, defendant repudiated the agreement, cancelling the checks instead of releasing them to plaintiffs."

We are unable to agree with appellants' contention that the difference between the present action and the earlier actions is a substantial one. A reading of the respective complaints convinces us that the basis of both actions was that appellants claimed that respondent agreed orally to pay them $150,000 and $100,000, respectively, in consideration of their agreeing not to contest the will of decedent. Everything that was alleged in the present action either was or could have been determined in the previous action.

In *Smith* v. *Schuler-Knox Co.*, 85 Cal.App.2d 96 [192 P.2d 34], this court said at page 100:

"The real issue upon which the appellants rely is the assertion that the amended complaint alleges a cause of action based on their right to redeem the property from the constable's sale in 1933, which they claim was not an issue in the subsequent suit quieting title against them, the judgment of which was rendered in 1937, and that it therefore is not res judicata as to that undetermined issue. But we are of the opinion that issue of the right to redeem the property was based on their interest in the property which could and should have been determined in that suit to quiet title, and that the judgment therein must therefore be deemed to be res judicata of that issue. Moreover, section 702 of the Code of Civil Procedure provides that the judgment debtor may redeem the property from sale 'within twelve months after the sale,' upon specified conditions mentioned. That section prescribes a limitation of time within which the property must be redeemed. It was not so redeemed, and no effort was made to comply with the statute in that regard.

"It has been repeatedly determined that res judicata applies not only to the issues which were actually pleaded and determined by the former judgment, but also to all issues which could have been properly tendered and determined thereby. [Citing cases.]"

And in *Scarbourough* v. *Briggs*, 81 Cal.App.2d 161 [183 P.2d 683], the court said at page 167:

"Appellants, however, apparently have a misconception of this rule. They seem to contend that an issue heard and determined in a former case is binding only as to such grounds supporting or opposing said issue as were actually urged and litigated. But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto. This rule has been aptly stated as follows: 'It is important to note in this connection, however, that even though the causes of action be different, if the second action involves a right, title or issue as to which the judgment in the first action is a conclusive adjudication, the estoppel so far as that right, title or issue is concerned must likewise extend to every matter which was or might have been urged to sustain or defeat the determination actually made.' [Citing cases.]"

See, also, *McManus* v. *Bendlage*, 82 Cal.App.2d 916, at page 922 [187 P.2d 854].

In view of the foregoing we conclude that the trial court correctly determined that the cause of action alleged in the instant action was barred' by the judgment in the previous actions.

The judgment is affirmed.

Peek, Acting P. J., and Van Dyke, J., concurred.