Filed 8/20/24  Burrill v. Roundy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| BELINDA BURRILL, as Trustee, etc., | D082334 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00006336-CU-BC-CTL) |
| GARY ROUNDY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

De Castro, Audie J. De Castro, Jonathan Elia; Law Offices of Mary A. Lehman and Mary A. Lehman for Plaintiff and Appellant.

Seltzer Caplan McMahon Vitek, Andrea N. Myers, and Sarah M. Shekhter for Defendant and Respondent.

Plaintiff Belinda Burrill (Trustee), as Trustee of the Survivor's Trust created under the Roundy Family Trust, and as Attorney-In-Fact for Elizabeth J. Roundy (Elizabeth), appeals from a judgment in favor of Elizabeth's stepson, defendant Gary Roundy (Gary).  The Trustee contends that Gary was contractually obligated to provide a "replacement" deed of

trust to Elizabeth as part of his purchase of the family businesses, and that the trial court erred in finding that Gary satisfied that obligation. The Trustee also argues that Gary's breach entitles her to accelerated payment of a promissory note Gary executed in connection with the purchase.

We conclude that because the Trustee failed to allege in her complaint that Gary was obligated to provide a replacement deed of trust, her claim on that theory is not within the scope of the pleadings. We further conclude that even if the Trustee had pled and proven that Gary's provision of a replacement deed of trust constituted a breach, such a breach would not give rise to a right to accelerate payment of the promissory note secured by the deed of trust. Because acceleration is the only form of relief the Trustee raises on appeal, we do not address whether she would be entitled to any other damages stemming from Gary's purported failure to provide an adequate replacement deed of trust, assuming it had been properly alleged. Accordingly, we affirm. We need not and do not address other arguments asserted by the parties.

FACTUAL AND PROCEDURAL BACKGROUND

### A. 2015 Transaction

Elizabeth and her husband Darrow owned two businesses: a motorcycle dealership and KV Resources, LLC (KVR), a commercial real estate entity. Gary, Elizabeth's stepson, worked in the family businesses for decades. In 2015 after Darrow passed away, Elizabeth agreed to sell Gary all of her interest in the businesses. Elizabeth's intent for the transaction was to provide herself with a source of monthly income and to bequeath the businesses to Gary upon her death.

The transaction was documented in an Equity Purchase Agreement (EPA), a promissory note to Elizabeth in the amount of $4.8 million (KVR

2

Note), and other related instruments.  Section 2.3 of the EPA provides that the KVR Note shall be secured by: "(a) a first lien security interest in all of the membership interest of KVR owned by [Gary] pursuant to a Pledge Agreement . . . and (b) a second lien security interest in [KVR's] Real Estate, pursuant to a Deed of Trust, substantially in the form attached . . . ."  No form deed of trust was attached to the EPA.

Section 3.2.2 of the EPA required Gary to execute and deliver "the Deed of Trust" described in section 2.3 to Elizabeth at closing, and section 7.4 provides that the Deed of Trust "shall be filed and recorded" within six months of the date of the EPA.

Section 9.5 of the EPA states that the parties "agree to do any act and to execute any other or further documents necessary or convenient to the carrying out of the provisions of this Agreement."

The KVR Note "refer[s] and relate[s]" to the EPA and defines what constitutes a default for Gary as "Borrower" triggering Elizabeth's right to accelerate payment after notice and an opportunity to cure.  Section 3.1, subdivision (f) of the KVR Note provides in relevant part:

> "In the event of Default (as defined below), Borrower shall be given thirty (30) days to cure the Default . . . .  For purposes of this Note, Default means that (i) Borrower is thirty (30) days or more past due on any payment required to be made under the terms of this Note (ii) Borrower is in breach of any of the Security Documents; (iii) Borrower has made a general arrangement or assignment for the benefit of creditors; (iv) any liquidation, reorganization, receivership, bankruptcy, assignment for the benefit of creditors or other debtor-relief proceeding by or against Borrower or any property acting as collateral under any Security Document has been commenced; (v) Borrower is deemed to be insolvent; or (vi) the levying of any attachment, execution or other process against any of the

3

property, or portion thereof, acting as collateral under any Security Document."

The KVR Note defines "Security Documents" as the pledge agreement and deed of trust described in section 2.3 of the EPA. The note's acceleration clause also provides that upon default by Gary, Elizabeth as the lender may elect to accelerate payment and "declare the entire outstanding balance of principal and interest thereon due and immediately payable, together with all costs of collection, including attorney's fees." Gary consistently made monthly payments to Elizabeth, as required under the KVR Note, from 2015 through the time of trial.

In 2017, Elizabeth assigned approximately 12.6 percent of her interest in the KVR Note to a "Survivor's Trust" of which she is the beneficiary, and she assigned the remainder of her interest in the note to a "Bypass Trust," of which Gary is the sole heir and successor trustee.

Later that year, Elizabeth appointed the Trustee to serve as her attorney-in-fact in the event of her death or incapacity, authorizing the Trustee to act on her behalf. Elizabeth was declared legally incapacitated in 2018 after being diagnosed with dementia, and the Trustee accepted her appointment as trustee of the Survivor's Trust.

The Trustee's counsel sent Gary a letter in 2019 alleging several defaults under the KVR Note and another promissory note issued in connection with the EPA. The Trustee asserted, among other things, that Gary defaulted because he "failed to record the Deed of Trust under the EPA." The Trustee also alleged in a subsequent letter that Gary failed to deliver a deed of trust at closing, and her counsel requested that Gary execute and deliver a recordable deed of trust pursuant to section 9.5 of the EPA. When Gary did not deliver a deed of trust within 30 days, the Trustee

4

sent Gary written notice that she was exercising her right to acceleration of payment under the KVR Note.

*B. Underlying Litigation*

The Trustee sued Gary in 2020, and the operative complaint alleges causes of action for breach of contract, declaratory relief, account stated, specific performance, and breach of implied covenant of good faith and fair dealing. The complaint cites sections of the EPA relating to the succession of promissory notes (section 2.4), obtaining required approvals (section 7.1), extinguishing guarantees (section 7.2), executing, delivering, and recording the deed of trust (section 7.4), and survival clauses (sections 8.4 and 9.8). The complaint also cites portions of the promissory notes, including the KVR Note, defining "Default" (section 3.1, subdivision (f)). The complaint contains no reference, however, to section 9.5 of the EPA, or Gary's alleged duty to provide a "replacement" deed of trust.[1]

In a bench trial, Gary testified that he signed a deed of trust when the transaction closed in 2015, and that he left a paper copy at Elizabeth's attorney's office. However, the parties never located an executed deed of trust from closing. Shortly before trial began in 2023, Gary signed a new deed of trust and delivered it to the Trustee. The new deed of trust lists as beneficiaries the Trustee and Gary, as trustee of the Bypass Trust, to reflect Elizabeth's assignment of her interest in the KVR Note. The Trustee objected to the deed of trust and refused to record it because, among other reasons, it did not list Elizabeth as the beneficiary.

---

[1]    We do not address the theories of liability the Trustee asserted in the trial court, but has abandoned on appeal. (*Los Angeles Equestrian Center, Inc. v. City of Los Angeles* (1993) 17 Cal.App.4th 432, 444 ["appellant's failure to discuss a theory of liability on appeal constitutes abandonment of that theory"].)

5

After a three-day trial, the trial court adopted the statement of decision proposed by Gary's counsel and ruled against the Trustee on all claims. The court first found that because the Trustee was bound by the allegations in the operative complaint and she did not move to amend the pleadings to conform to the proof at trial, any unpled allegations were not properly before the court and the Trustee could not recover from them. The court credited Gary's testimony that he executed and delivered a deed of trust at closing in 2015 as required by the EPA. The court also found that the EPA did not obligate Gary to record the deed of trust. The court ruled that the 2023 deed of trust Gary signed shortly before trial is valid and effective, that it adequately secures the KVR Note, and that any delay in its delivery was not prejudicial. The court further found that a breach of the EPA, even if proven, would not constitute a "default" capable of triggering acceleration under the KVR Note, and that the Trustee failed to prove any actual damages. For these and other reasons, the court held that the Trustee was not entitled to acceleration.

DISCUSSION

The Trustee does not contest any of the trial court's factual findings on appeal. Rather, her limited argument on appeal is that: (1) the court should have found Gary breached his duty to deliver a replacement deed of trust under section 9.5 of the EPA; (2) she is entitled to acceleration of the KVR Note because of that breach; and (3) there are no statutory or non-statutory bars to her claim. In deciding these issues, we apply a de novo standard of review. (*City of Oakland v. Department of Finance* (2022) 79 Cal.App.5th 431, 444 [de novo standard applies where issue is one of statutory construction or contract interpretation and the evidence is not in dispute].)

We conclude that the Trustee is not entitled to recover on her theory that Gary breached a duty to deliver a replacement deed of trust because she

6

failed to allege the theory in her complaint. The complaint defines the issues to be tried and establishes the scope of an action. (*Simmons v. Ware* (2013) 213 Cal.App.4th 1035, 1048; *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1091 (*Emerald Bay*).) Facts alleging a breach must be pled with specificity, and general averments that a defendant breached a contract are insufficient. (*Levy v. State Farm Mutual Automobile Ins. Co.* (2007) 150 Cal.App.4th 1, 5–6; see *Bentley v. Mountain* (1942) 51 Cal.App.2d 95, 98 [pleader must allege facts demonstrating breach of contract].)

Here, the Trustee's complaint alleges that Gary was obligated to sign, deliver, and record a "Deed of Trust" at the 2015 closing under section 7.4 of the EPA. But the complaint makes no mention of any post-closing obligation to provide a *replacement* deed of trust, under section 9.5 or otherwise. As the trial court noted, the complaint also makes no mention of Civil Code section 3415,[2] which the Trustee claims is also a basis for requesting a replacement deed of trust. The complaint thus lacked any specific factual allegations to support a theory that Gary breached section 9.5 of the EPA by failing to deliver a replacement deed of trust. (See *Baldwin v. AAA Northern California, Nevada & Utah Ins. Exchange* (2016) 1 Cal.App.5th 545, 551 [affirming judgment sustaining demurrer where general breach allegation was "unsupported by any specific factual allegations"].) Because the trial court found that Gary had no duty to record the deed of trust and that he met

_____

[2]    Civil Code section 3415 provides, in relevant part, that "[a]n action may be maintained by any person interested in any private document or instrument in writing, which has been lost or destroyed, to prove or establish the document or instrument or to compel the issuance, execution, and acknowledgment of a duplicate of the document or instrument." (Civ. Code, § 3415, subd. (a).)

7

his original obligation to deliver one at closing in 2015, and because the Trustee does not dispute the court's factual findings, those findings resolve the only properly pled issues relating to the deed of trust's delivery. The Trustee does not dispute that she did not seek to amend her complaint to conform to the proof at trial, despite having the opportunity to do so. (See *Emerald Bay, supra*, 130 Cal.App.4th at p. 1092 [after plaintiff declined opportunity to amend complaint to allege its standing to assert claims against defendant by way of assignment, trial court did not err in rejecting plaintiff's theory of recovery as not properly pled].) We therefore conclude that any claim for relief under section 9.5 of the EPA is outside the scope of the Trustee's pleadings and not properly before us.[3]

However, even if the Trustee had pled and proven that Gary's delivery of a replacement deed of trust fell short of his contractual obligations under section 9.5 of the EPA, such a breach would not give rise to a right to accelerate payment of the KVR Note under the note's express terms. As relevant here, the KVR note only authorizes acceleration based on a breach of one of the "Security Documents," which do not include the EPA. Thus, the plain language of the KVR Note does not authorize acceleration solely for a breach of the EPA.

---

[3] For similar reasons, we also reject the Trustee's argument that she should be deemed the prevailing party on her specific performance claim because the trial court found the 2023 deed of trust was proper. For her specific performance cause of action, the complaint only sought an order requiring Gary to *record* the original deed of trust, and the trial court expressly found that Gary was not obligated to record any deed of trust. The Trustee was therefore not the prevailing party on her specific performance claim as pled, and she failed to properly allege that she was entitled to a replacement deed of trust under section 9.5 of the EPA.

Although documents relating to the same transaction should be construed together (see *Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481 ["a note, mortgage and agreement of sale constitute one contract where they are a part of the same transaction"]), we must also interpret a contract's individual provisions to give them meaning and effect (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473 (*Merrill Lynch*) ["[a]ny contract must be construed as a whole, with the various individual provisions interpreted together so as to give effect to all, if reasonably possible or practicable."]; see Civ. Code, § 1641). Construing multiple agreements together does not mean that " 'for all purposes they constitute one contract.' [Citation.]" (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 759.) Ultimately, " '[i]f contractual language is clear and explicit, it governs.' [Citation.]" (*State of California v. Continental Ins. Co.* (2012) 55 Cal.4th 186, 195 (*Continental*).)

The Trustee argues she is entitled to acceleration either because breaching the EPA automatically constitutes a breach of the KVR Note, or because the EPA is a "Security Document" as defined by the KVR Note and breaching the EPA triggers default under the KVR Note. The KVR Note's terms make clear, however, that acceleration is only available when one of the enumerated default conditions occurs, and the EPA does not itself include acceleration as a remedy for breach of its own provisions. (Cf. *First-Trust Joint Stock Land Bank v. Meredith* (1936) 5 Cal.2d 214, 218 [acceleration of note payment available "where the mortgage provides that upon default . . . the balance of the principal and interest may be declared immediately due and payable"].) We decline to construe the EPA and KVR Note together in a way that contradicts—or does not give effect to—each agreement's individual provisions, especially in the context of a harsh remedy

9

like acceleration.  (See *Brown v. Avemco Inv. Corp.* (9th Cir. 1979) 603 F.2d 1367, 1376 [recognizing acceleration is a "harsh remedy"].)

The KVR Note explicitly defines "Security Documents" to include only the pledge agreement and the deed of trust *described* in the EPA, not the EPA itself.  The parties are free to define the words and phrases used in a contract, and if their agreed definitions are clear and unambiguous, the contract will be enforced according to its plain language.  (*Morrison v. Wilson* (1866) 30 Cal. 344, 347–348; see also *Mirpad, LLC v. California Ins. Guarantee Assn.* (2005) 132 Cal.App.4th 1058, 1069 [meaning of words in contract must be determined from their context and usage in the contract itself].)  The mere fact that the "Security Documents" *relate* to the EPA does not mean the EPA is grafted into the definition of "Security Documents" where it is absent from the KVR Note's plain language.  Again, in reaching this conclusion we construe the EPA and KVR Note together in a way that gives their individual provisions meaning without doing violence to each instrument's clear and explicit language.  (See *Continental, supra*, 55 Cal.4th at p. 195; *Merrill Lynch, supra*, 68 Cal.App.4th at p. 473.)

For these reasons, we conclude that even if the Trustee had properly pled and proven that Gary failed to meet his obligations under section 9.5 of the EPA to provide a replacement deed of trust, that breach would not entitle her to acceleration of the KVR Note.  Because acceleration is the only relief the Trustee raises on appeal, we do not address whether she would have been entitled to any other damages stemming from Gary's purported failure to provide an adequate replacement deed of trust if she had pled that theory. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 [arguments not raised and developed on appeal are considered waived].)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.

BUCHANAN, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

11