[Civ. No. 6137.    Fourth Dist.    Dec. 16, 1959.]

PATRICIA ALYCE GARRETT, a Minor, etc., Appellant, v.
CARL DUNCAN et al., Respondents.

James Edgar Hervey and Henry F. Walker for Appellant.

Donnelley, MacNulty & Butler and Morton Galane for Respondents.

SHEPARD, J.—This is an action by which the above-named plaintiff seeks to have it declared that defendant Carl Duncan is not her father, that she was not legitimated by the marriage of defendants, and that plaintiff is emancipated from the control of defendants because of abandonment. The trial court on conflicting evidence found against the plaintiff and in favor of the defendants.

The preliminary facts of this action are the same as those appearing in 4 Civil Number 6135, *ante*, p. 291 [1 Cal.Rptr. 459] (1960), filed today by this court.

Here, plaintiff petitioned, through her guardian ad litem, to be declared free from the custody and control of the defendants. This petition was denied, the trial court being of the opinion that neither of the defendants had neglected or abandoned plaintiff to the extent required by section 701, Welfare and Institutions Code, and that both of the defendants were fit to have custody of the child. In addition, the trial court

found that it would be for plaintiff's best interest to be returned to the defendants.

■■■ It should be noted at the very outset that the findings of the trial court below that the defendants were fit and proper to have the care, custody and control of plaintiff and that it is in plaintiff's best interests to be returned to their care, custody and control are mere surplusage and of no force and effect. An order for guardianship is still in full force and effect. The questions of best interest and parental fitness are not issues in an action to have a minor declared free from the custody and control of its natural parent on the grounds of abandonment. (*In re Bisenius* (1959), 173 Cal.App.2d 518, 521 [1] [343 P.2d 319].) The question of whether or not these parents deserted the plaintiff without provision for its identification as is provided in Civil Code, section 224, paragraph 2 was likewise not an issue before the trial court. Consequently, the findings with respect to best interest and parental fitness and purporting to direct custody to the parents are outside the issues, a nullity, and must be disregarded. (*Welch* v. *Alcott* (1921), 185 Cal. 731, 754 [4] [198 P. 626]; *Julien* v. *Gossner* (1951), 103 Cal.App.2d 338, 343 [2] [229 P.2d 786), and cases cited therein.) They cannot be regarded as res judicata in any future proceeding. The plaintiff here raises three issues on appeal: First, that Suzanne abandoned plaintiff and that the trial court abused its discretion in not so finding; second, that Carl's and Suzanne's Nevada divorce decree is res judicata to the effect that Carl is not plaintiff's father; and third, that, in any event, Carl abandoned plaintiff and that the trial court abused its discretion in not so finding.

As to the first and third points made by plaintiff, the inquiry of this court must be limited to a determination of whether or not the findings of the trial court are supported by substantial evidence. ■■■ It is neither the duty nor the right of this court to resolve conflicts in the evidence, pass on the credibility of the witnesses, or determine where the preponderance of the evidence lies. These are all matters to be decided by the trier of fact in the court below. ■■■ The power of any appellate court commences and terminates with a determination as to whether or not there is any substantial evidence, whether or not contradicted, which will support the conclusion of the trier of fact. ■■■ All conflicts must be resolved in favor of respondent on appeal and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. ■■■ Where there is more than one inference

which can reasonably be deduced from the facts, the appellate court is without power to substitute its deductions for those of the trier of fact. ██ All evidence favorable to respondent is assumed true and the unfavorable is discarded. If the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed. (*Estate of Bristol,* 23 Cal.2d 221, 223 [1] [143 P.2d 689].) These rules are so ingrained into the heritage and traditions of the common law that they require no citation; they excite no comment. ██ Sufficient substantial evidence here exists to support the findings.

Within a few weeks after Suzanne's initial relinquishment of Patricia on June 7, 1955, both Carl and Suzanne began making substantial inquiry in an endeavor to find the child, which inquiry they pursued in many quarters. During most of plaintiff's life she was in the care of the Garretts who had, at least inferentially, promised to care for her.

██ As to the question of whether or not Carl's and Suzanne's Nevada divorce decree is res judicata to the effect that Carl is not Patricia's father, suffice it to say that we know of no case holding that the mere failure to mention a child by its mother in a divorce complaint estops the child's father from asserting his parental rights merely because he defaulted in the divorce action. Appellants' most persuasive case, *Garcia* v. *Garcia* (1957), 148 Cal.App.2d 147 [306 P.2d 80], is easily distinguishable because there the father had executed a property settlement agreement subsequently approved and made a part of the interlocutory decree, wherein the father acknowledged parentage of the child. Thus, the father was held to be estopped by res judicata from denying paternity.

That portion of the findings which purport to find that the defendants are fit and proper persons to have the care, custody and control of plaintiff and that it is for her best interest that defendants have her care, custody and control, and that defendants henceforth have the care, custody and control of plaintiff is deleted and stricken. The judgment is affirmed.

Griffin, P. J., and Mussell, J.. concurred.