[Civ No. 15864. Second Dist., Div. Two. Oct. 21, 1947.]

NEWTON S. BEST, as Coadministrator, etc., Appellant, v. GERALD C. FITZGERALD, as Coadministrator, etc., et al., Defendants; LEONARD A. ANDERSON, Respondent.

Bertram S. Harris and Arthur E. Briggs for Appellant.

Newlin, Holley, Sandmeyer & Coleman for Respondent.

McCOMB, J.—Plaintiff filed a complaint alleging three causes of action: (1) for declaratory relief, (2) for an accounting and partition, and (3) for general equitable relief. Defendant Anderson's general demurrer to the complaint was sustained and his motion to dismiss the action was granted. From a judgment predicated on the foregoing orders plaintiff appeals.

The undisputed facts are these:

Emma S. Cone died testate on March 22, 1937. By her will she specifically devised to defendant Anderson a life estate in and to a brick house and 5 acres of land surrounding the same located in Baldwin Hills and owned by decedent. She bequeathed the income from the residue of her estate to two sisters, to a brother, to said defendant, and to certain other persons for their respective lives.

Carl P. Coloneus, executor of decedent's estate, died on July 17, 1941, at which time there was on file in the probate estate proceedings his account denominated "Final Account of Executor" for the period from March 22, 1939, to August 1, 1940. Subsequent to his death his widow, as executor of his last will, prepared and filed in the Cone estate an accounting on behalf of the deceased executor for the period from August 1, 1940, to July 17, 1941.

Thereafter Newton S. Best and Gerald C. FitzGerald were appointed as coadministrators with the will annexed of the Cone estate and as such administrators filed an accounting for the period from November 4, 1941, to December 15, 1942. Before these accounts were heard and acted upon, defendant Anderson filed written objections to all three of the accounts, claiming that he was entitled to all the proceeds from two oil wells located upon the 5 acres of land in which he had a life estate from the date of Mrs. Cone's death for the remainder of his lifetime. The administrators of the estate denied his claim and the issues were tried, resulting in findings of fact, conclusions of law, and three separate decrees. From these decrees the administrators filed appeals. While these appeals were pending the administrators agreed to a compromise with defendant Anderson, and agreed to abandon and dismiss the appeals. Thereafter a petition to have the court approve the compromise was regularly noticed and duly heard, and an order was made by the probate court authorizing and approving the compromise. No appeal was ever taken from this order and it has become final.

The issues raised by the three accounts and the objections thereto by defendant Anderson included all of the alleged causes of action set forth in plaintiff's complaint herein.

The foregoing facts appear in the judgment entered by the trial court in the present action, which judgment in turn finds support in the affidavit of Clyde E. Holley filed with the motion to dismiss the present action. In addition, since

the present appeal is upon the judgment roll alone, we must assume that there was substantial evidence introduced to support each of the material facts set forth in the judgment.

In *Olwell* v. *Hopkins,* 28 Cal.2d 147, 149 et seq. [168 P.2d 972], our Supreme Court has held that the defense of res judicata may be raised on a motion to dismiss. Such a motion may be supported by affidavits setting forth facts which tend to prove the grounds of the motion. (*Cunha* v. *Anglo California Nat. Bank,* 34 Cal.App.2d 383, 389 [93 P.2d 572].)

Applying the foregoing rule to the instant case, since the trial court found, supported by substantial evidence, that the causes of action in the present complaint had been fully litigated previously between the same parties, its conclusion was correct in holding that the alleged causes of action set forth in the complaint were res judicata.

The judgment predicated upon the granting of defendant's motion to dismiss is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1947.