[Civ. No. 14397.   First Dist., Div. One.   Aug. 21, 1950.]

Estate of A. H. WINDER, Deceased. BEATRICE
MARTENS et al., Appellants, v. CENTRAL BANK,
as Special Administrator, etc., Respondent.

Beatrice Martens, in pro. per., for Appellants.

Breed, Robinson & Stewart for Respondent.

PETERS, P. J.—The Central Bank was duly appointed
special administrator of the above entitled estate.   After its
appointment, it filed a petition with the probate court request-

ing authorization and permission to take certain designated actions in the handling of the estate. This petition recites that among the assets of the estate is the entire issued and outstanding capital stock of A. H. Winder Corporation, and that, among the assets of the corporation, is a designated piece of improved real property which, during Winder's lifetime, was used as the office of the corporation. It is alleged that it costs the estate nearly $300 a month to maintain this office, that such expense is unnecessary, and that the special administrator can rent the building for $150 a month. It is also alleged that the corporation owns a large number of vacant lots in Oakland, and owns a large number of contracts of sale on some of these lots upon which monthly payments are being made. In connection with these matters the special administrator requested an order instructing and authorizing it to abandon the existing office of the corporation and to conduct the corporate affairs from the office of the administrator, and for authorization to lease the corporation's office to a designated tenant at a designated rental. The petition also alleged that the corporation, together with one Luella Murray, in 1946, had executed a promissory note to the Central Bank for $20,000; that there was a balance of $7,900, plus interest, due on this note; that the note was secured by a deed of trust covering real property owned by the corporation, and that money was available to pay this note. As to this matter the petition prays for an order authorizing the administrator to pay the balance due on this note.

The appellants, heirs of A. H. Winder, filed certain objections to this petition for instructions. After a contested hearing the probate court issued what purports to be an "Order Instructing Special Administrator." The order closely follows the prayer of the petition. It "ordered, adjudged and decreed," that the "special administrator be and it is hereby authorized to conduct the affairs of the A. H. Winder Corporation . . . from its trust department office. . . . That sales of unimproved real property belonging to said corporation be made and approved only where such sales are advantageous to the estate"; that the special administrator "is hereby authorized to lease" the corporate office at a designated rental, and the order prescribes the terms of the lease. The order also "authorized" the special administrator "to consent to A. H. Winder Corporation" paying out of its funds the $7,900, plus interest, owed to the bank. From this

order, on a clerk's transcript, the objectors, in propria persona, appeal.

The appellants urge several reasons why the order must be reversed, among them being that the court had no power to instruct the special administrator as to how to conduct the affairs of the corporation. This point is sound and requires a reversal.

An inspection of the petition and the order discloses that the subject matter of the proceeding concerned only corporate transactions over which the estate and the probate court had no power or control. The estate owned the *stock* of the corporation—it did not own or control the corporation. The death of the sole stockholder did not deprive the board of directors of the corporation of power to take corporate action. Yet the order appealed from purports to dictate corporate policy. Respondent admits that the estate has no power to act in reference to corporate matters, and that the estate does not own the lots or office building, or owe the debt involved. Respondent further concedes that the record does not disclose that the corporation was the *alter ego* of Winder, as there is no evidence of the required unity of interest and ownership. This concession is in accordance with the law. (*Estate of Greenwald,* 19 Cal.App.2d 291, 295 [65 P.2d 70]; *Judelson* v. *American Metal Bearing Co.,* 89 Cal.App.2d 256, 263 [200 P.2d 836].)

So far as the record discloses, the estate of Winder is simply the sole stockholder of the A. H. Winder Corporation, but it is the stockholder, not the corporation. The power of the estate is simply to act as a stockholder. (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 17 [108 P.2d 906, 135 A.L.R. 318].) Its power is to vote the stock, not to run the corporation. (Prob. Code, § 589; see, 11B Cal.Jur. p. 258, § 848.)

Respondent's contention is that what it desired and sought was in reality nothing more than instructions as to how to vote the corporate stock. Undoubtedly, the special administrator could have asked for instructions on this subject. (Prob. Code, § 588.) But the petition and the order cannot be construed as requesting an authorization as to how to vote the stock. Both clearly related to corporate transactions. The order purports to authorize the special administrator to abandon the corporate office and to conduct the corporate affairs at the trust office of the special administrator. It purports to fix the terms of sales of property to be made by the corporation. It purports to authorize the special administra-

tor to lease the corporate office at a specified rental and purports to fix the terms of the corporate lease. It purports to consent to the corporation paying a corporate debt. All these were matters within the power and control of the board of directors. By no reasonable construction can the order appealed from be construed as an order instructing the special administrator how to vote corporate stock so as to elect directors who would carry out the designated policies. The petition requested and the order purported to authorize the special administrator to take actions which could only be taken by the board of directors of the company. As such, the order was void and must be reversed.

The order appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.