[Civ. No. 5533. Fourth Dist. Jan. 29, 1957.]

EFREN P. GARCIA, Appellant, v. DORA ESCOBEDO
GARCIA et al., Respondents.

Willard H. Winder for Appellant.

Alexander W. Staples for Respondents.

GRIFFIN, J.—Plaintiff and appellant, on July 27, 1955, brought this action under Civil Code, section 231, against his wife Dora and her minor son Richard, aged about 3½ years, to declare that there is no paternity relationship between the plaintiff and defendant Richard. He alleges that his marriage to the mother was on September 9, 1950, and soon thereafter they separated; that on October 12, 1951, a child was born to her and that the mother claims plaintiff to be his father. Upon information and belief he denies her claim and seeks judgment for a determination of the fact. Defendant mother and the minor son, appearing through her as his guardian *ad litem*, demurred to the complaint, and besides

other grounds, alleged therein that this cause of action had been adjudicated in a certain divorce case in Riverside County in which plaintiff appeared by his attorney and there executed a property settlement agreement approved in and made a part of the interlocutory decree, whereby plaintiff acknowledged parentage of the named defendant minor. Thereafter, defendants moved the court to dismiss this proceeding upon the grounds of res judicata of the subject matter. Certain affidavits were filed and the record of the divorce action (No. 57439) was incorporated by reference in support of the motion. In the mother's affidavit she recites that on "April 3, 1951," she filed a complaint for divorce against plaintiff in this action upon the ground of cruelty, and that she there alleged she was pregnant as a result of her marriage to this plaintiff, and prayed that he support and maintain her and that upon the birth of the child he be ordered to pay such additional support for it as the court deemed proper; that this plaintiff was ordered to and did appear by attorney and in person in answer to an order to show cause, testified and was ordered to pay $7.00 per week for his wife's support; that he failed to make the payments and was cited for contempt; that on no occasion did plaintiff in this action ever question the paternity of said child; that on April 18, 1952, after numerous conferences between the parties and their attorneys, a property settlement agreement was entered into; that these divorce proceedings were abandoned on account of her questioned legal residence and a similar divorce proceeding was instituted in Riverside County (case No. 57439). It appears therefrom that she alleged, for statistical purposes, certain facts including: "V. Number of children issue of said marriage . . . One (1) a son, Richard Guadalupe Garcia, of the age of one year and eight months." It then alleges the execution of the property settlement agreement referred to and asked that it be approved and made a part of the decree. This agreement provides in part that the parties were married on September 9, 1950, and ever since have been husband and wife and "during such relationship and as a result thereof there has been born to said parties, one child, namely: Richard Garcia, of the age of six (6) months"; and that the parties, by this agreement, desire to provide for his care and custody and agree that the mother have such custody, subject to the right of reasonable visitation on the part of the plaintiff here and he agrees to pay $7.00 per week for his care. He also agreed to pay certain hospital and doctor bills con-

tracted by reason of the birth of said child, and each agreed not to remove said child out of the jurisdiction of the court. Through their respective attorneys it was stipulated that the divorce case might be heard as a default. An interlocutory judgment was entered according to the agreement in respect to the child and it was approved and made a part of the decree as though set forth therein *in haec verba*. Accordingly it became merged in the judgment. (*Arthur* v. *Arthur,* 147 Cal.App.2d 252 [305 P.2d 171]; *Foust* v. *Foust,* 47 Cal.2d 121 [302 P.2d 11]; *Flynn* v. *Flynn,* 42 Cal.2d 55, 58 [265 P.2d 865].) One year thereafter plaintiff here applied for and obtained a final decree upon filing his affidavit that he had complied with all of the terms of the interlocutory decree. On October 14, 1955, he was ordered before that court on contempt proceedings for failure to make delinquent payments.

In the instant action he filed opposition to the motion to dismiss his complaint and alleged generally that he did not believe he was the father of the child and at the suggestion of the trial judge that he would also determine that issue, he produced certain additional affidavits of relatives and others that during the separation of the parties they visited with each other on week-ends, in the home of relatives, but they verily believed the parties did not have the opportunity of having sexual intercourse with each other. The wife claimed otherwise and filed supporting affidavits. Plaintiff here also alleged that in the Los Angeles divorce action he told his then attorney to contest the question of the paternity of the child but he failed to do so and as a compromise he signed the property settlement agreement indicated because he wanted to remarry at the earliest date possible. On the conclusion of this hearing, based on these affidavits and the record in the divorce proceeding, the trial judge granted the motion to dismiss the action, sustained the demurrer without leave to amend, and ordered counsel for defendants to prepare full findings and judgment. In these findings it is found, as true, about all of the facts related in the mother's affidavit and that said child was born as the lawful issue of said parties; that the facts related in the affidavits produced by plaintiff were untrue; that plaintiff is the natural father of said child; that the former divorce action (No. 57439) adjudicated the issues here presented, and accordingly operated as res judicata of those issues. Judgment was entered accordingly.

It is plaintiff's contention on this appeal that the trial

court was not authorized, under the pleadings as indicated, to pass upon the question and enter a decree that plaintiff here was the natural father of Richard G. Garcia. We agree with this claim. ■ Upon the hearing of a demurrer raising the question of res judicata and sustaining the demurrer without leave to amend, and on a hearing on a motion to dismiss on the same ground, the court was not authorized to hear and determine the merits of the allegations of the complaint upon affidavits. Upon a dismissal of the action it was not authorized to enter minute findings on the conflicting evidence as to the parentage of the child. The only judgment that could properly be entered was a dismissal of the action for the reason indicated in the demurrer and on the motion to dismiss.

It is next contended that the court was not authorized to hear and determine the motion to dismiss before an answer was filed, and was not authorized to sustain the demurrer without leave to amend. ■ It appears to be the general rule that in the absence of the applicability of a statutory provision to the contrary, advantage of an estoppel based upon a prior adjudication appearing in the adverse party's pleadings, may be taken by demurrer, provided, of course, the objection appears from the face of the plaintiff's pleadings; if his pleadings do not disclose the existence of the matter relied on to support the application of the doctrine of res judicata, the objection cannot be raised by demurrer, but must be taken by plea or answer. (30 Am.Jur. p. 989, § 264; 15 Cal.Jur. p. 208, § 230, and cases collected; *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 710 [134 P.2d 800]; *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540 [305 P.2d 20]; *Stratford Irr. Dist.* v. *Empire Water Co.,* 44 Cal.App.2d 61 [111 P.2d 957]; Code Civ. Proc., § 597.)

A somewhat different rule has been applied on a motion to dismiss the action on the ground of res judicata. (*Cunha* v. *Anglo California Nat. Bank,* 34 Cal.App.2d 383 [93 P.2d 572]; *Best* v. *Fitzgerald,* 81 Cal.App.2d 965 [185 P.2d 377]; *McKenna* v. *Elliott & Horne Co.,* 118 Cal.App.2d 551 [258 P.2d 528]; *Olwell* v. *Hopkins,* 28 Cal.2d 147 [168 P.2d 972].) In the latter case there was a former action between the same parties. A new complaint was filed based upon the same factual background. A demurrer and motion to dismiss was filed alleging res judicata because in the former action it was determined that the brokerage company there involved had not qualified to do business in the State of California and accord-

ingly the contract involved was void. It was there contended that the defense of res judicata could not be raised by demurrer because the facts alleged in the complaint were not sufficient to support the defense. The complaint there did allege facts in reference to the former action. The reviewing court assumed that the defendants should have raised the defense of res judicata by answer instead of by demurrer or motion to dismiss, but did consider the plea because it was held that the record of the former action made it clear that plaintiff could not overcome that defense.

Assuming therefore that the proceedings here taken come within the exception noted we will proceed to determine whether the order dismissing the action as to both defendants may be supported under the theory of res judicata. As between the plaintiff and his wife individually, we conclude that the judgment of dismissal on this ground was proper. The trial court properly had before it for consideration the files in action Number 57439. (*Olwell* v. *Hopkins, supra,* p. 153.) It properly considered extrinsic evidence in determining the issues adjudicated in the former action. (*McKenna* v. *Elliott & Horne Co., supra*; *Best* v. *Fitzgerald, supra*; *County of Sonoma* v. *De Winton,* 105 Cal.App. 166 [287 P. 121]; *Garwood* v. *Garwood,* 29 Cal. 514.) It is a general rule that a judgment or decree that necessarily affirms the existence of any fact is conclusive on the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same but also when the point comes incidentally in question in relation to a different matter, in the same or any other court. Even though a second suit is on a different cause of action, a right, question, or fact once determined must be taken as conclusively established so long as the judgment in the first action remains unmodified. Where the circumstances are such that a judgment cannot be relied on as a bar, but it is pleaded as an estoppel as to some matter coming again in question in a subsequent action on a different claim or cause of action, there may be difficulty in deciding whether the point was directly in issue in the prior action. Generally, in order that a judgment in one action may constitute an estoppel in a subsequent action, it must be made to appear either on the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. Any fact or matter that was required to be established or passed on to sustain the judgment

154

is concluded by it. ▮ Matters put in issue are concluded although not expressly mentioned in the judgment, if it determines them by necessary implication. (29 Cal.Jur.2d pp. 197-198, §§ 237 and 238; *Papineau* v. *Security-First Nat. Bank*, 45 Cal.App.2d 690 [114 P.2d 629]; *Scarbourough* v. *Briggs*, 81 Cal.App.2d 161 [183 P.2d 683].) ▮ It has been declared that even where the causes of action were different, the prior determination of a litigated issue is conclusive in a subsequent suit not only as to the issue itself but also as to every matter that might have been urged for or against that issue in its determination. (*Sutphin* v. *Speik*, 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497].) There are some limitations to this rule. (29 Cal.Jur.2d p. 204, § 242.) ▮ In the instant action it was alleged in the complaint that there was a minor child, the issue of said marriage, naming him. The plaintiff, by his property settlement agreement which was included in the interlocutory decree, agreed that during their relationship as husband and wife "and as a result thereof" there was born to said parties one child, naming him. He therein agreed to support said child. As between the plaintiff here and defendant wife the trial court was justified in holding that the issue of the parentage of said child was determined by that action.

A different question arises as to the effect of this judgment as between the plaintiff father and the defendant minor son who was not a party to that action. It is argued by the plaintiff that the divorce action was between different parties; that the minor child was not a party to it and accordingly that judgment operated only as an estoppel between the parties there named, citing 29 California Jurisprudence 2d page 235, section 265. It is further argued that it is a recognized principle of the law of estoppel that the judgment must be mutual and binding on both parties, citing *People* v. *Kovacevich*, 19 Cal.App.2d 335 [65 P.2d 807]; and *Gonzales* v. *Pacific Greyhound Lines*, 34 Cal.2d 749 [214 P.2d 809]. The latter was an action by a minor for the wrongful death of the father. The principal issue was that of heirship. A previous divorce was sought by the father against the mother claiming that he was not the father of the child. An interlocutory decree of divorce was entered so finding. In the death action the Supreme Court held this interlocutory decree was not admissible to show that plaintiff was not the son of the deceased father because it was established that he was born in lawful wedlock, etc., and Pacific Greyhound Lines could not, under section 195 of the Civil Code, question his paternity.

It was also held that the decree stood as a final adjudication between the husband and wife on the issues there presented, but since the boy was not a party to that litigation he was not bound by the determination therein of his status. (See also *Baratti* v. *Baratti,* 109 Cal.App.2d 917, 923 [242 P.2d 22].) There are authorities holding that under the doctrine of res judicata or estoppel by judgment the adjudication must be *mutual* and *reciprocal* and between the same parties. (*People* v. *Rodgers,* 118 Cal. 393 [46 P. 740, 50 P. 668].)

This and like authorities have been overruled and the rule in reference to mutualities has been modified as indicated in *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892]. This subject was fully discussed in that case and it was stated that the criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted; that the requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided; that he is bound by that litigation only if he has been a party thereto or in privity with such a party; that there is no compelling reason for requiring that the party asserting the plea of res judicata *"must have been a* party," or in privity with a party, *"to the earlier litigation."* (Italics ours.) It is then stated that no satisfactory rationalization has been advanced for the requirement of mutuality; that just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend; that many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted; that the courts of most jurisdictions have in fact accomplished the same result by recognizing a broad exception to the requirement of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts. (Citing cases.) It then said the cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries. It then set forth the essential requirements in determining the validity of a plea of res judicata. Defendants here have met those requirements. It then overruled certain

cases inconsistent with that opinion. This holding is most appropriate and proper in the instant case, otherwise, if defendant minor should be here compelled to go to trial on the issues presented by the complaint, it might result in a most incongruous judgment if plaintiff should prevail. The conclusion reached in that case and subsequent authority hereinafter cited to the effect that a party asserting the plea of res judicata does not necessarily have to be a party, or in privity with a party to the earlier litigation, disposes of the issue here presented in reference to the minor child. He was authorized to assert this special defense against plaintiff, who was a party to the divorce action determining the question of the paternity of the child. (*Barker* v. *Carver*, 144 Cal. App.2d 487 [301 P.2d 307] ; *Hardware Mutual Ins. Co.* v. *Valentine*, 119 Cal.App.2d 125 [259 P.2d 70].) The holding in *Gonzales* v. *Pacific Greyhound Lines, supra,* relied upon by plaintiff, is distinguishable. There the doctrine of res judicata was attempted to be applied against the minor, not a party to the divorce action. The judgment of dismissal as to this defendant was therefore proper.

The portion of the findings and judgment holding that plaintiff is the father of the minor child, being based upon certain conflicting affidavits relating to his paternity and which were wrongfully considered by the trial court in a hearing on a demurrer and motion to dismiss, cannot be supported since the action was not at issue on the merits and was dismissed. It should be stricken.

The portion of the judgment dismissing the action as to both defendants for the reasons indicated should be affirmed. The remaining portion of the judgment is stricken. Judgment affirmed as modified. Defendants to recover costs on appeal.

Barnard, P. J., and Mussell, J., concurred.