BLACKSTOCK, P. J.
 

 This is an appeal by State Farm Mutual Automobile Insurance Company, a corporation, from a judgment rendered against it in the Municipal Court of the Oxnard-Port Hueneme Judicial District, County of Ventura, State of California, which judgment is as follows:
 

 
 *863
 
 “State Farm Mutual Automobile Insurance Company, a corporation, No. C 5341
 

 Plaintiff (s)
 

 vs.
 

 Jose Salazar,
 

 Defendant(s)
 

 Before Hon. Clarence B. Pecht
 

 This cause came on regularly for trial on_
 

 Plaintiff appearing by attorneys Kuittinen, Hay
 
 &
 
 Allison.
 

 Defendant appearing by attorney Francis Gherini. and a jury trial having been duly waived, the Court having heard the testimony and considered the evidence, and findings not having been requested
 

 The Court ordered the following judgment:
 

 It is Adjudged that
 

 Action dismissed under principal of res judicata. Summary Judgment of Dismissal granted.”
 

 It seems that on or about the 6th day of April, 1954, Henry Thrasher and Jose Salazar each was the owner of and was operating a motor vehicle at or near the intersection of Rice Road and State Highway 101. That the two automobiles then and there collided. And as is more or less usual in such cases each claimed that the collision was the fault of the other. Thrasher claimed that as a result of the collision his automobile was damaged in the sum of $742.47.
 

 Apparently the said State Farm Mutual Automobile Insurance Company, a corporation, on the 6th day of April, 1954, and prior thereto, had duly issued to Henry Thrasher a policy of accident insurance insuring said Henry Thrasher against loss or damage to his automobile in excess of $50. Pursuant to said policy plaintiff paid to said Henry Thrasher the sum of $692.47, that being the amount of damages in excess of $50 sustained by said Thrasher’s automobile in the accident hereinabove referred to, and said Henry Thrasher did thereafter subrogate said plaintiff to all his rights, claims and interest which he had against any party or parties for said loss or damage.
 

 The further fact appears to be that on or about April 22, 1955, an action was filed in the said municipal court entitled,
 
 “Henry Thrasher, plaintiff,
 
 vs.
 
 Jose Salazar, defendant,
 
 No. C-4585” and that judgment for defendant in said action was entered on December 6, 1955.
 

 The fact is that on July 10, 1954, said Thrasher executed
 
 *864
 
 in writing a release releasing the defendant Salazar from all claims and causes of action arising from the accident which was involved in the cases of
 
 Thrasher
 
 v.
 
 Salazar,
 
 and
 
 State Farm Mutual Automobile Insurance Company, a corporation,
 
 v.
 
 Salazar.
 

 It further appears that said insurance company had filed said action Number C-4585 in the name of its assured, Henry Thrasher. However, after judgment was entered for the defendant in the case of
 
 Thrasher
 
 v.
 
 Salazar
 
 said insurance company in its own name filed an action against Salazar which obviously was predicated on the same set of facts involved in the said case of
 
 Thrasher
 
 v.
 
 Salazar.
 

 And the suit last hereinabove referred to resulted in a judgment for the defendant as aforesaid, the trial judge having been of the opinion that the judgment in the case of
 
 Thrasher
 
 v.
 
 Salazar
 
 was a bar to the subsequent action in which the insurance company itself was the plaintiff, that is, judgment was entered as the trial judge said, on the principle of res judicata. The plaintiff could have appealed from the judgment in the case of
 
 Thrasher
 
 v.
 
 Salazar,
 
 but failed to do so and the same became final.
 

 As respondent says in his brief, the doctrine of res judicata gives certain conclusive effects to a former judgment and subsequent litigation involving the same controversy. It seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.
 

 The doctrine is applicable where there has been a final judgment on the merits in a case between the same parties or persons in privity. Hence, in a new action on the same cause of action, a prior judgment for the defendant is a complete bar. See 3 Within, California Procedure, 1926 and cases there cited.
 

 The doctrine of res judicata applies only to judgments and orders which are final in the sense that no further judicial action remains to be taken. (3 Within, California Procedure, 1934.) In the action between Thrasher and Salazar judgment in favor of Salazar based on the release given by Thrasher was a final judgment. Code of Civil Procedure, section 437c, proceedings without trial. Sections 51 and 52, 3 Within, California Procedure, pages 1936 and 1937, to the effect that a judgment entered after granting a motion for summary judgment is as final and conclusive a determination of the merits as a judgment after trial. It is true that the doctrine of res judicata calls for identity of the parties
 
 *865
 
 to the action, but Code of Civil Procedure, section 1910, states,
 
 “
 
 [T]he parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that ease have been made between them alone, though other parties were joined with both or either.”
 

 Substantial identity is all that is required.
 
 French
 
 v.
 
 Rishell
 
 (1953), 40 Cal.2d 477 [254 P.2d 26], where an action by an agent was held to bar subsequent action by the principals.
 

 A former judgment may be binding on persons who, though not parties to the former judgment, were in privity with a party. 3 Witkin, California Procedure, 1956. Privity involves a person so identified in interest with another one that he represents the same legal right.
 
 (Zaragosa
 
 v.
 
 Craden
 
 (1949), 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461].
 

 In the case now under consideration the same legal right was being sued on first by the insured, now by the insurer. The amount of the claim in both actions is precisely the same, $692.47, which represents the alleged reasonable cost of repairs to the Thrasher automobile. In the first action the plaintiff could have sued for loss of use and the.deductible feature of his policy, namely $50. Both claims would have been his own. That he did not sue for those but simply for the property damage indicates that in reality the first action was an action brought by the State Farm Mutual Automobile Insurance Company on their subrogation rights for the repairs made to Thrasher’s automobile and such fact is confirmed by the plaintiff’s own points and authorities filed in the case of
 
 Thrasher
 
 v.
 
 Salazar.
 
 It is evident, therefore, that there does exist an identity in interest between Thrasher and the State Farm Mutual Automobile Insurance Company and that both actions concern the same legal rights.
 

 The plaintiff, State Farm Mutual Automobile Insurance Company, had the right to sue and did sue in its insured’s name in the first action; having lost said action now seeks a second chance to effect a recovery.
 

 It is true that the judgment in the case of
 
 Thrasher
 
 v.
 
 Salazar
 
 was a summary judgment of dismissal. Nevertheless, such a judgment may operate as res judicata. See
 
 Best
 
 v.
 
 Fitzgerald,
 
 81 Cal.App.2d 965, 967 [185 P.2d 377].
 

 We are of the opinion that the trial judge was correct and the judgment rendered by him should be, and is hereby, affirmed.
 

 Reppy, J., and Churchill, J., concurred.