[Civ. No. 18650.   First Dist., Div. One.   Apr. 13, 1961.]

BEATRICE MARTENS, Appellant, v. RULURA T. WINDER et al., Respondents.

Beatrice Martens, in pro. per., for Appellant.

Breed, Robinson & Stewart for Respondents.

BRAY, P. J.—Plaintiff appeals from summary judgment granted defendants.

Plaintiff seeks specific performance of and declaration of rights under a compromise agreement which she and all other heirs of A. H. Winder, intestate, executed January 26, 1951, providing for the settlement of their respective claims and for distribution of the assets of the estate. She joined as

defendants Rulura T. Winder, widow of the decedent, Marguerite Upson, guardian of Rulura's estate, Central Bank, and G. L. Otey. Defendants Rulura T. Winder and Marguerite Upson as guardian of the person and estate of Rulura T. Winder moved for and were granted summary judgment.

Defendants' claim that the complaint is without merit is based primarily upon the claim that all of the issues raised by it have been adjudicated adversely to plaintiff in two judgments or decrees of the Alameda Superior Court, (1) the summary judgment in action No. 285416, Beatrice Martens, plaintiff, v. Rulura T. Winder and Marguerite Upson, guardian of the estate of Rulura T. Winder, deceased, and Marguerite Upson, guardian of the estate of Rulura T. Winder, an incompetent person, and (2) the decree of settlement and distribution in the estate of A. H. Winder, deceased, probate No. 102709, Alameda County.

*Concerning the judgment in the prior civil action,* the moving affidavit declares as follows: Plaintiff herein was plaintiff and defendants Rulura T. Winder and Marguerite Upson, guardian of the estate of Rulura T. Winder, were defendants in action No. 285416. The complaint therein was filed October 11, 1957. On December 13, 1957, the trial court granted a summary judgment in favor of the defendants and against plaintiff in said action. On the same day plaintiff modified a proposed amended complaint therein and filed it as a new complaint in the instant action, No. 286765 in the court below, and at the same time recorded a *lis pendens* in the latter action in the office of the County Recorder, Alameda County. The *lis pendens* filed in actions No. 285416 and No. 286765 are substantially identical. The complaint filed in No. 286765 is substantially identical to the complaint in No. 285416, except for the addition of Central Bank and G. L. Otey as defendants in the instant action, No. 286765. None of these statements is denied or even mentioned in plaintiff's counteraffidavit. Other statements in the moving affidavit pertain to the probate decree and its asserted res judicata effect.

Does the moving affidavit, as thus summarized, support a summary judgment?

The purpose and function of the summary judgment statute (Code Civ. Proc., § 437c) and the basic rules governing its use were stated by this court in *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700, 702-703 [4 Cal.Rptr. 103].

Section 437c, Code of Civil Procedure, sets forth the procedure for obtaining a summary judgment and the requirements of the affidavits in support of, and in opposition to the motion.

■■■ "The validity of a summary judgment pursuant to section 437c is to be determined by the sufficiency of the affidavits considered upon the hearing of the motion. [Citations.]" (*Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 121 [283 P.2d 720].) In that case the court in holding that the conclusions of the affiant concerning the contents of certain documents not attached to the affidavit were insufficient, stated that the crucial requirements of section 437c were not met because of the affidavit's failure to meet the requirements that "the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and . . . shall show affirmatively that affiant if sworn as a witness, can testify competently thereto." (Code Civ. Proc., § 437c.)

■■■ First, we will consider the effect of the recitals in the affidavit concerning that judgment. The statement that the complaint in that action is *"substantially identical"* (emphasis added) except for the inclusion of two additional defendants, with the one in this action, is obviously a bald conclusion. Moreover, the affiant's definition of "substantially" may be considerably different from the actual fact. In Low, *supra,* the court said, concerning deeds as to the contents of which the affiant set forth his conclusions, "The material portions of that affidavit refer to various documents, none of which are attached to the affidavit, from which the affiant deduces that title to the disputed property is vested in defendant. This statement of the legal effect of those documents is, of course, a mere conclusion of law as to the very matter here in issue, and would be incompetent as evidence. . . . [W]here the affidavit of a movant depends upon written documents, his affidavit is insufficient unless there is attached thereto the original documents, or a verified or certified copy of such instruments. [Citation.]" (P. 121.) Defendant in Low claimed that there was a prior judgment which was res judicata as to the pending action. However, the court held that although a copy of it was attached to an affidavit on a prior motion for summary judgment, it was not attached to any affidavit in the present motion, and therefore was not before the court and could not be considered.

■ As do defendants in our case, the defendant in Low urged that the trial court could have taken judicial notice of the prior judgment. The court there said (p. 122): "Defendant also suggests that the trial court could take judicial notice of the judgment in Case No. 573851, which defendant urged in bar of plaintiff's action in its answer, upon the motion for summary judgment. Whether or not it is proper for the court to take judicial notice of the record in another case between other parties upon motion for summary judgment is an intricate question which we need not here pass upon. For it is clear that the doctrine of judicial notice played no part in the determination of this matter. From defendant's notice of motion, it is clear that he was predicating his case entirely on such purported facts as were contained in the Marinoff affidavit. The court in its judgment unequivocally manifested that its decision was based solely upon the contents of the affidavits submitted in support of the motion then before it, which is the proper foundation for an adjudication under section 437c. (*Coyne* v. *Krempels, supra* [36 Cal.2d 257 (223 P.2d 244)], p. 261; *Kimber* v. *Jones, supra* [122 Cal.App.2d 914 (265 P.2d 922)], p. 918; *McComsey* v. *Leaf, supra* [36 Cal.App.2d 132 (97 P.2d 242)], p. 133.) Defendant does not profess in its brief, nor does the record before us disclose, that the contents of the file in the prior case was examined by the trial court, nor was it brought to the court's attention in any competent manner by the Marinoff affidavit. As has been shown, that affidavit departed entirely from any legitimate compliance with section 437c, being replete with hearsay, conclusions, and personal opinion and bringing no essential evidentiary facts before the court. The court having plainly relied upon the affidavits before it in reaching its decision, and defendant's affidavit being palpably inadequate to support the judgment in its favor, that judgment cannot stand."

In our case, it is clear that the trial court did not take judicial notice of the judgment in action No. 285416. In the first place, while defendants' notice of motion for summary judgment alleged that one of the grounds was that all of the issues in the complaint had been decided adversely to plaintiff in the probate decree, it did not mention action No. 285416 or the judgment therein. In its statement as to what the motion would be based on, the notice referred to the "files and proceedings" in the probate proceeding, but did not mention action No. 285416. The minutes of the court on

February 5, 1958, the day upon which the motion was argued, show seven exhibits as having been admitted in evidence, one of which was the probate decree. It is obvious, therefore, that the record or the judgment in No. 285416 was neither offered nor received, nor is there any indication that the court was called upon to exercise judicial notice of that case. In its summary judgment, the court states only "oral and documentary evidence having been introduced."

In these days of congestion of the courts, the granting of summary judgments, although a drastic procedure, should be encouraged, for, in a meritless action, such procedure saves the court and counsel a great deal of time and unnecessary work. However, the affidavits upon which the summary judgment is based must comply with section 437c, so that there can be no question that there are no issues of fact to be tried and that the complaint or the defense is without merit. Certain rules have been established concerning summary judgments. One is that issue finding rather than issue determination is the pivot upon which the summary judgment rests. (*Whaley* v. *Fowler* (1957), 152 Cal. App.2d 379, 381 [313 P.2d 97].) Whether an issue of fact exists is to be determined by the affidavits, not by the pleadings. (*Idem,* p. 381.) If any doubt exists whether summary judgment should be granted, it should be resolved against the moving party. (*Idem,* p. 382.) Affidavits of the moving party should be strictly construed, and those of his opponent liberally construed. (*Eagle Oil & Ref. Co.* v. *Prentice* (1942), 19 Cal.2d 553, 556 [122 P.2d 264].) The facts alleged in affidavits of the party against whom the motion is made must be accepted as true, and such affidavits to be sufficient need not be composed wholly of strictly evidentiary facts. (*Severini* v. *Massae* (1956), 140 Cal.App.2d 567, 570 [295 P.2d 472].) Conclusions of law or of fact in the movant's affidavits, however, do not satisfy the requirements of the section. (*Weichman* v. *Vetri* (1950), 100 Cal.App.2d 177, 179 [223 P.2d 288].)

The reference in defendants' affidavit to the former judgment gives none of the terms of that judgment; it merely states that a summary judgment in favor of defendants (the same parties as are defendants here) and against plaintiff Beatrice Martens was entered. The affidavit further states that plaintiff modified a proposed amended complaint in that action and filed it as the complaint in this action. Obviously, a statement that the complaint in this action is the same as

a proposed amended complaint in another action, gives no idea of what was in the original complaint in the other action upon which complaint the former summary judgment was entered. How can any court determine from such allegations that the court in the former action held that the Winder Corporation had been legally dissolved prior to the decree of distribution or that any of the other issues raised by plaintiff's affidavit here had been there adjudicated?

While plaintiff in her affidavit did not deny the conclusion in defendants' affidavit concerning the former judgment on the hearing of the motion she contended that the former judgment was not res judicata. That fact, the liberality required of the averments of her affidavit, plus the fact that it is impossible to determine from defendants' affidavit what was decided in the former judgment, obviate any conclusion that there were not issues of fact here to be tried, and required a denial of the motion for summary judgment.

So far as the probate decree is concerned (a copy of which was introduced by plaintiff), while the affidavit states the conclusion that it adjudicates all of the issues raised in the complaint in this action, an examination of the decree shows that it does not so adjudicate. It does not even purport to do so. There is no finding in the decree that the corporation was legally dissolved. In fact, there is no mention of the corporation in the decree. Apparently in the administrator's final account some mention was made of the dissolution of the corporation and that the administrator had received certain assets of the corporation "on dissolution." But there is nothing in the decree which could be considered res judicata of the question of the legal dissolution of the corporation, even assuming that a probate court had the power to make such a determination.

In *Estate of Winder* (1950), 99 Cal.App.2d 83, 85 [221 P.2d 193], this court held that the probate court has no power or control over corporate transactions or matters. Plaintiff's main contention in this action is, and her affidavit in opposition to the motion for summary judgment avers, that the corporation was not dissolved at the time of the decree of distribution in the probate proceeding, and hence by that decree the heirs, of which she is one, received by the omnibus clause of the decree respective shares in the corporation (the estate being theretofore the sole stockholder). She then contends that the corporation could not thereafter be dissolved without her consent. Defendants contend that the corpora-

tion was dissolved prior to the decree of distribution and hence there was no stock of the corporation in existence; all that was distributed by the decree was the property of the corporation which the decree stated had been conveyed by the corporation to the estate, and such property of the corporation that might thereafter be discovered, if any there be.

Plaintiff's affidavit alleges that no certificate of *winding up and dissolution* of the corporation had been filed prior to the decree of distribution. Defendants' affidavit merely states that a certificate of *election to wind up and dissolve* said corporation had been filed.

Thus there was an issue of fact to be decided, unless the judgment in action No. 285416 was properly before the court by defendants' affidavit, and such judgment was res judicata of the question.

As no doubt a new motion for summary judgment will be made, it is necessary for us to consider plaintiff's contention that, in any event, the prior judgment cannot be considered because, she claims, it was a summary judgment and not a judgment after a trial on the merits.

It is true that a judgment dismissing an action because of failure to issue, serve or return summons within the time limited therefor, or upon similar grounds not involving a determination of the issues in the case, is not conclusive as to the merits or demerits of those issues. But that is not the nature of a dismissal pursuant to the summary judgment statute. Such a dismissal is the result of a determination that there is no triable issue of fact and that plaintiff does not have a good cause of action upon the merits. (Code Civ. Proc., § 437c.) Such a judgment may operate as res judicata and it is claimed that this one is that type of judgment. If so, it could be res judicata of the issues therein adjudged. (See *Best* v. *Fitzgerald,* 81 Cal.App.2d 965 [185 P.2d 377] ; *State Farm etc. Ins. Co.* v. *Salazar,* 155 Cal.App.2d Supp. 861, 864-865 [318 P.2d 210].)

Judgment reversed.

Duniway, J., and Wood (Fred B.), J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.