Filed 4/28/16  Angeles v. Coast Engineering Contractors CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| EDWIN ANGELES et al., | |
| Plaintiffs and Appellants, | G051191 |
| v. | (Super. Ct. No. 30-2013-00695045) |
| COAST ENGINEERING CONTRACTORS, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David T. McEachen, Judge.  Reversed.

John L. Dodd & Associates, John L. Dodd, Benjamin Ekenes; Law Offices of timothy J. Donahue and Timothy J. Donahue for Plaintiffs and Appellants.

Yoka & Smith, Christopher E. Faenza and Andy Mendoza for Defendant and Respondent.

\*          \*          \*

This appeal involves the third lawsuit arising from plaintiff Edwin Angeles's August 2012 trip and fall at a gas station. The first action, *Angeles et al. v. Berri Brothers Corporation et al.* (Super. Ct. Orange, 2012, No. 30-2012-00595751); (case No. 751), was resolved by a settlement. In the second action, *Angeles et al. v. Satwant Jhawar et al.* (Super. Ct. Orange, 2013, No. 30-2013-00651259); (case No. 259), the trial court entered judgment in favor of defendant Coast Engineering Contractors, Inc. (Coast). It is the subject of our contemporaneous opinion in *Angeles v. Coast Engineering Contractors, Inc.* (April. 28, 2016, G051219) [nonpub. opn.]).

In this action, plaintiffs Edwin and Josephine Angeles, husband and wife, sued Coast and several others for negligence, negligence per se, loss of consortium, and unfair business practices. The trial court dismissed the action against Coast after sustaining its demurrer to the complaint without leave to amend. The court found the principles of res judicata and collateral estoppel barred this action because it was the third case "seek[ing] to vindicate the same primary right arising from [the] slip and fall accident."

Plaintiffs contend the trial court erred in so ruling. We agree. But because we also affirm the judgment in favor of Coast in the companion appeal, their victory in this case could be short-lived.

FACTS AND PROCEDURAL BACKGROUND

In case No. 751, plaintiffs sued several parties other than Coast for negligence, premises liability, and products liability. The negligence and premises liability counts alleged the named "defendants . . . owned, maintained, operated . . . and used [the] gas station," but "improperly configured, designed and laid out the business/parking lot[] so as to cause and contribute to plaintiff's injury and harm"

2

when "Edwin Angeles[] tripped and fell . . . ."  Plaintiffs further alleged that "[a]s a proximate . . . result" of the foregoing wrongful conduct and injury, "Josephine Angeles suffered a loss of consortium."  In addition, they asserted two counts of products liability, alleging Edwin Angeles's injuries were caused by a defective air compressor and the filler caps on gasoline storage tanks.  In December 2013, plaintiffs filed a request to dismiss case No. 751 with prejudice after the parties reached a settlement of the matter.  The clerk entered the dismissal.

In case No. 259, plaintiffs initially sued several parties other than Coast, again seeking recovery for the August 2012 trip and fall based on causes of action for nuisance and premises liability.  In addition, plaintiffs asserted causes of action for violations of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.; ADA) and the Unruh Civil Rights Act (Civ. Code, § 51; Unruh Act) based on Edwin Angeles's subsequent unsuccessful attempts to use the facilities at the gas station while confined to a wheelchair.  Coast was later added as a defendant in place of a doe allegation.

The first amended complaint's premises liability count in case No. 259 alleged the defendants "owned and operated a gas station/business" on the property, but "improperly, unreasonably, unlawfully built, designed, maintained, set up, painted, constructed, striped, delineated, organized, inspected and monitored the property," such that it "caused and created a dangerous condition," resulting in Edwin Angeles's injuries when he "fell" while on the premises.  The trial court sustained Coast's demurrer to the nuisance and premises liability causes of action without leave to amend.  On the latter count, the court stated the amended complaint "attribute[d Angeles's] 8/22/12 physical injury to other defendants in their capacity as owners, operators, designers and the parties who constructed the facility and lot," "ha[d] not set forth any basis for [Coast's] liability, specifically why it would owe [Edwin Angeles] a duty," "nor . . . offered . . . that [they] have] any such facts."  Further, the court noted the present action asserted the same claim

as in case No. 751, which had alleged the "land [was] owned, maintained and operated by other defendants." Subsequently, the court granted Coast's motion for summary judgment on the ADA and Unruh Act claims and entered a judgment for Coast.

Plaintiffs filed the present action against Coast and several other parties in December 2013. As noted, it stated causes of action for negligence, negligence per se, loss of consortium, and unfair business practices. All four counts are based on the August 2012 trip and fall accident. The complaint alleges the named defendants "possessed, owned and operated the business property[] where plaintiff [Edwin Angeles] was injured." "David Berri[,] . . . ordered by [the] authorities[] to reconfigure and correct the parking lot" on the premises, obtained plans and a building permit for the work, and had the plans approved by the local municipality. Hiring Coast "to do the work," Berri, "recklessly, negligently, improperly, unreasonably . . . ignored the architect['s] plans, and built a dangerous, defective configuration." He then "falsely reported to the city . . . that the construction had been completed[] in accordance with the approved plans." "As a proximate result of [the] negligent failure and refusal to follow the architect['s] plans and follow the [municipality's] requirements," and the "negligent, improper and unreasonable construction, building and remodeling, plaintiff [Edwin Angeles] fell and was injured."

Coast demurred to the complaint and supported it with a request for judicial notice of documents from the two prior lawsuits. Citing the dismissal with prejudice in case No. 751 and the order sustaining its demurrer to the premises liability cause of action without leave to amend in case No. 259, Coast argued res judicata and collateral estoppel barred the current action. The trial court agreed, sustained the demurrer without leave to amend, and entered a judgment dismissing the action against Coast.

4

DISCUSSION

*1. Introduction*

"In ruling on a demurrer based on res judicata, a court may take judicial notice of the official acts or records of any court in this state," and "[i]f all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer." (*Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299.)

"Because the trial court dismissed plaintiffs' action after sustaining a demurrer without leave to amend, for purposes of this appeal we assume the truth of all well-pleaded factual allegations of the complaint." (*Kearney v. Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 101.) "To determine whether a demurrer was properly sustained, we review the allegations of the operative complaint for facts sufficient to state a claim for relief. In doing so, we treat the demurrer as admitting all material facts properly pleaded. '"Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."'" (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 866.)

*2. Analysis*

Plaintiffs contend the trial court erred in sustaining Coast's demurrer and entering judgment in its favor. Concerning case No. 751, they claim Coast cannot rely on the dismissal of that action because Coast was not a party to the lawsuit. Further, since the dismissal resulted from a settlement, plaintiffs argue Coast cannot employ the doctrine of collateral estoppel to bar relitigation of the issues raised in case No. 751. As for case No. 259, plaintiffs argue both res judicata and collateral estoppel are inapplicable because there is no final judgment.

We conclude plaintiffs' arguments have merit. "'As generally understood, "[t]he doctrine of *res judicata* gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." [Citation.] The doctrine "has a double aspect." [Citation.] "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]" [Citation.] "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates'" in "a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'"'" (*Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)

But the Supreme Court has recognized that "[i]t is important to distinguish these two types of preclusion because they have different requirements. [¶] . . . Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. . . . [¶] . . . [¶] Issue preclusion [collateral estoppel] differs from claim preclusion in two ways. First, issue preclusion does not bar entire causes of action. Instead, it prevents relitigation of previously decided issues. Second, unlike claim preclusion, issue preclusion can be raised by one who was not a party or privy in the first suit. [Citation.] 'Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding. [Citations.]' [Citation.] In summary, issue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party. [Citations.]" (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825.)

Taking case No. 259 first, it resulted in a judgment for Coast after the trial court sustained a demurrer to the premises liability and nuisance causes of action without

leave to amend and granted Coast summary judgment on the ADA and Unruh Act counts. Because a dismissal entered after the granting of a summary judgment motion "is the result of a determination that there is no triable issue of fact and that plaintiff does not have a good cause of action upon the merits," the "judgment may operate as res judicata." (*Martens v. Winder* (1961) 191 Cal.App.2d 143, 151.)  However, as noted that judgment is the subject of the companion appeal and consequently not final.  "A judgment or order may be final in nature, but it does not become res judicata until it is final in the other sense of being free from direct attack.  Hence, while an appeal is pending . . . the judgment is not conclusive."  (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 364, p. 986; *People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater* (1980) 101 Cal.App.3d 296, 306.)  Thus, the trial court could not rely on it to conclude this case was subject to dismissal based on either claim or issue preclusion.

Turning to case No. 751, we agree Coast cannot rely on either claim preclusion or issue preclusion to support the trial court's judgment in this appeal. Plaintiffs dismissed case No. 751 with prejudice after they reached a settlement with the defendants in that action.  Contrary to plaintiffs' argument, "A dismissal with prejudice following a settlement constitutes a final judgment on the merits.  'A dismissal with prejudice is the modern name for a common law retraxit.  [Citation.] . . . Dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from litigating those issues again.'"  (*Estate of Redfield* (2011) 193 Cal.App.4th 1526, 1533; *Boeken v. Phillip Morris USA, Inc., supra*, 48 Cal.4th at p. 793 ["for purposes of applying the doctrine of res judicata, . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action"].)  But Coast was not a party to case No. 751 and thus cannot rely on the dismissal to bar the current action.

Nor can Coast rely on the dismissal in case No. 751 to collaterally estop plaintiffs from asserting in this case that Coast had control of the premises or was

7

responsible for maintaining or designing it in a such manner as to cause Edwin Angeles's August 2012 trip and fall. As noted in *DKN Holdings LLC v. Faerber, supra*, 61 Cal.4th 813, one of the requirements for applying collateral estoppel is that the issue was "actually litigated and necessarily decided in the first suit." (*Id.* at p. 825.) Here, plaintiffs dismissed case No. 751 with prejudice after they reached a settlement with the defendants named in that litigation. "A settlement which avoids trial generally does not constitute actually litigating any issues and thus prevents application of collateral estoppel." (*Rice v. Crow* (2000) 81 Cal.App.4th 725, 736; *Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1174 ["because [prior] case was voluntarily dismissed prior to trial pursuant to the parties' settlement agreement, nothing was 'actually litigated' or 'necessarily decided' in that action, even though the dismissal with prejudice is 'on the merits[]'"].)

Coast cites cases supporting its claim that collateral estoppel applies in this context. They involved situations where there had been a trial in the prior action that resulted in a finding preclusive of an issue raised in the subsequent lawsuit. Coast also contends David Berri, Coast's president "was a party to all three lawsuits." But there is no evidence in the record indicating Coast is the alter ego of Berri and furthermore, for purposes of collateral estoppel, "'Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding.'" (*DKN Holdings LLC v. Faerber, supra*, 61 Cal.4th at p. 825.) The parties sought to be bound by collateral estoppel in this case are plaintiffs.

We realize that in *Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, the court held collateral estoppel applied to bar relitigation of issues raised in a related action dismissed with prejudice after a settlement between the parties. But we find it to be distinguishable because it involved litigation between the *same* parties under circumstances *more akin to claim preclusion* than issue preclusion.

8

Thus, the trial court erred in relying on the principles of res judicata and collateral estoppel to sustain Coast's demurrer without leave to amend. However, we note plaintiffs' victory in this appeal will bring them little solace. Upon the issuance of the remittitur in the companion appeal (case No. 259), there will be a final judgment upon which Coast could rely to justify dismissal on the basis of res judicata.

DISPOSITION

The judgment is reversed. The matter is remanded to the superior court for further proceedings. Appellants shall recover their costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

IKOLA, J.