**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM RUPERT and CAROL SLATER, as individuals and as successors in interest to Ronald E. Bushnell, deceased,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>BARBARA J.R. JONES, individually, and/or in their Official Judicial and/or Administrative Capacities; et al.,<br><br>        Defendants - Appellees. | No. 11-15867<br><br>D.C. No. 3:10-cv-00721-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William Rupert and Carol Slater appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging constitutional violations in connection with the seizure and sale of real property to settle the tax debts of Ronald Bushnell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly dismissed the claims against the defendant judges for their alleged mishandling of Slater's state court claims because the judges are entitled to absolute immunity. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

The district court properly dismissed the claims against the remaining defendants based on res judicata because Slater and Rupert are precluded from litigating any claim which "arises out of [the same] antecedent primary right and corresponding duty" as addressed in Slater's previous litigation "regardless of the specific remedy sought or the legal theory . . . advanced." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (internal quotation marks omitted); *see also State Farm Mut. Auto Ins. Co. v. Salazar*, 318 P.2d 210, 212 (Cal. Ct. App. 1957) (applying this principle even where no trial on the merits occurred).

Rupert and Slater's motion for judicial notice is granted.  Their remaining contentions are without merit.

**AFFIRMED.**